REHKOPF v. KUHLAND.

1. Where a purchaser at a sale under decree in partition, shows for cause why he has not not complied, that the title is defective, and under the paper title it is defective, and its validity depends upon questions of fact, to wit, the length and character of possession—the question of

title should be referred to the master for testimony and report, and not passed upon primarily on the papers submitted on the rule and return.

2. An adverse possession that commenced in 1871 required twenty years to ripen into a right, and though continued after the act of 1873, which limited the time to ten years, it was unaffected by that statute; for the act of 1873 was only an amendment to a title of the code from which were excepted "cases where the right of action had already accrued."

Before PRESSLEY, J., Charleston, August, 1888.

This was an appeal by C. W. Kuhland, purchaser, from an order requiring him to comply with a bid made by him at a sale had under a decree in the main cause, which was an action for partition. The opinion states the case.

*Mr. J. E. Burke,* for appellant.

*Messrs. Simons & Cappelmann,* contra.

March 1, 1889. The opinion of the court was delivered by

MR. JUSTICE McIVER. Under proper proceedings for the settlement of the estate of J. F. Kuhland, who died intestate, a lot of land in the city of Charleston as part of the estate of intestate was offered for sale by the master and bid off by the appellant, who declined to comply with his bid, upon the ground of alleged defects in the title of the intestate. At the instance of the parties to the action, a rule to show cause why he should not be required to comply with the terms of the sale was issued against appellant. To this rule he made a return, setting forth the alleged defects in the title, and praying a reference to the master to inquire into and report as to the condition of the title. To this return the plaintiff in the action filed what is called a traverse, setting forth facts, supported by an affidavit of Mrs. D. S. Brandt, tending to show that while upon the face of the papers the title of the intestate might not be good, yet it had been perfected by possession.

Upon hearing this return and traverse the Circuit Judge, without giving any reasons for his conclusion, or stating any facts which he had found to be established, granted an order making

the rule absolute, adjudging that the title was good, requiring the appellant to comply with the terms of sale within fifteen days, and upon his failure so to do requiring the master to resell at his risk. The order of the Circuit Judge, as set out in the "Case," makes no reference to or ruling upon the demand of appellant for a reference to the master as to the title, but it is stated in the "Case" that he declined to order such reference. From the order and judgment below, this appeal was taken upon the several grounds set out in the record. But from the view which we take it will only be necessary to consider the fifth, sixth, and seventh grounds, in which the single question, presented in various forms, is whether there was error in declining to grant the reference to the master as to the title.

There are certain of the facts which appear to be undisputed, to wit, that the premises in question were formerly owned by one Robert Limehouse, who died in August, 1851, having previously executed his will, whereby he devised this lot, together with other property of a similar character, to his seven children, one of whom was Sarah Stall, wife of John R. Stall ; that on September 30, 1851, the said devisees, by mutual deeds, undertook to partition the property of their father amongst themselves, and on that day a deed was made to Sarah Stall by her co-devisees of a large quantity of property, and that the premises in question, known as lot No. 1 on the plat of the lands of the estate of Robert Limehouse, on the *south* side of Line street and *east* side of Meeting street, is not mentioned in said deed, yet lot No. 1 on said plat on the *north* side of Line street and *west* side of Meeting street, is twice described therein ; that the lot now in question is not mentioned or described in any of the deeds between the devisees of Robert Limehouse, and the records of the proper office show no conveyance or other paper indicating the exercise of ownership over this lot by any of the devisees of Robert Limehouse, except a deed from Stall and wife, bearing date February 2, 1871, to one D. Apeler, who conveyed the same to the intestate in February, 1885.

The disputed facts are, as to the nature, extent, and character of the possession of the lot by Mrs. Stall—whether it was of sufficient length of time to afford a presumption of a conveyance to

her from her co-devisees, and if not, whether she had acquired a title by adverse possession. The evidence upon which respondents rely to establish the nature, extent, and character of Mrs. Stall's possession is derived principally from the affidavit of Mrs. Brandt, set out in the "Case," as well as from a policy of fire insurance, covering the building on the lot, issued to John R. Stall for one year from August 15, 1885. The affidavit of Mrs. Brandt purports to have been made on March 27, 1871, for what purpose, or in the course of what proceeding, does not appear ; but it certainly could not have been made for the purposes of the present inquiry ; and whether it was competent evidence in this case we shall not now inquire.

From this condensed statement of the facts, as presented to the Circuit Judge, it is quite clear that the paper title to the lot is defective, as the deeds on their face only show a title in the intestate for one undivided seventh of the lot. If, therefore, the title is good, it must rest upon possession, which is a question of fact as to which the parties are at issue ; for the appellant in his return distinctly says that "he denies that there are any facts sufficient to warrant a presumption in law of a conveyance to Mrs. Stall by the other parties in interest, or that she has any title under the operation of the statutes of limitations of actions." When this is the case, it seems to us that the proper practice is to order a reference to the master, where the testimony can be taken in a regular way, the witnesses subjected to cross-examination, and a full record made of the evidence. *Gordon* v. *Saunders,* 2 McCord Ch., 151 ; *Jenkins* v. *Hiles*, 6 Ves., 646 ; *Rorer on Judicial Sales*, sections 150, 152 ; *Jones on Mortgages*, section 1648. Where, however, the facts are undisputed, or rest entirely upon record evidence, there is no necessity for a reference. It seems to us, therefore, that there was error in declining to order a reference in this case, as the question of title depended upon parol evidence as to possession.

It is contended, however, that the possession of D. Apeler from the date of the conveyance to him—February 2, 1871—to the time of his conveyance to intestate in February, 1885, which is not disputed, was sufficient to give him a title, which he could convey to the intestate. Whether the Circuit Judge rested

his conclusion upon this ground, or whether it was even considered by him, does not appear; but as this ground, if maintainable, would be sufficient to sustain the judgment below, it becomes necessary for us to consider it. We do not think that this ground can be sustained. The right of action against Apeler accrued when he took possession in February, 1871, at which time the statutory period was twenty years, and as he held possession for only fourteen years, it is quite clear that he had not acquired a title by possession when he conveyed to the intestate, unless it be by virtue of the amendment of 1873, reducing the statutory period to ten years. But the amendatory act contains no words giving it a retroactive effect, and on the contrary it is inserted as part of chapter II. of title II. of part II. of the Code of Procedure, and must therefore be read in connection with the first section of that title, which expressly declares that "the provisions of this title shall not extend to actions already commenced, or to cases where the right of action has already accrued; but the statutes then in force shall be applicable to such cases." Now, as in this case, the right of action had already accrued when the amendment was adopted, such amendment could not extend to this case, but the statute in force at the time the right of action accrued, which was twenty years, was applicable. *Nichols* v. *Briggs*, 18 S. C., 473.

The judgment of this court is, that the order and judgment appealed from be reversed, without prejudice as to any question not herein considered, and that the case be remanded to the Circuit Court for such further proceedings as may be necessary to carry out the views herein announced.