## GLOVER v. FLOYD.

LIMITATION OF ACTIONS.—An action for possession of land descended to and vested in a minor in 1878, must be brought within five years after the disability of infancy is removed.

Before MEMMINGER, J., Edgefield, October, 1906. Affirmed.

Action by M. O. Glover against Sherman Floyd. From judgment for defendant, plaintiff appeals.

*Messrs. Pierce Bros.* and *Tompkins* and *Wells,* for appellant.

*Messrs. Pierce Bros.* cite: 19 Ency., 2 ed., 168; 13 Ency., 1 ed., 696; 42 S. C., 88; 38 Ga., 355; 13 Ga., 310; 12 Ga., 437; 19 Ency., 212, 241; 76 Ala., 414.

*Messrs. Tompkins* and *Wells* cite additional: 5 B. & Ald., 204; 3 McL., 568; 51 Ala., 481; 70 Ala., 507; 48 Ark., 386; 42 Ark., 491; 88 Ind., 546; 18 Mo., 220; 2 La., 694; 42 S. C., 92.

*Messrs. R. J. Southall* and *Sheppard Bros.,* contra. *Messrs. Sheppard Bros.* cite: 9 S. C., 335; 30 S. C., 239, 291; 26 S. C., 237; 29 S. C., 253.

March 13, 1907. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. On the 2d of February, 1906, this plaintiff brought action for the recovery, as the owner, of one-sixth interest, or one-fourth of two-thirds of 165 acres of land as described in the complaint, from the defendant.

The answer of the defendant denied the ownership of said lands by the plaintiff. Several grounds for this denial were pleaded by the defendant.

By agreement of the parties the only ground for such denial which came on for trial before Judge Memminger was that, even if the plaintiff had any claim to any interest in the tract of land in dispute, he was barred of any such claim by the statute of limitations.

Judge Memminger, by his decree, rendered the 26th of October, 1906, sustained the plea of the statutes of limitations and dismissed the complaint.

By the statement of facts, it was agreed that the father of the plaintiff died intestate on the 19th day of April, 1875, leaving a widow and three infant children as his heirs at law. That the plaintiff was born on the 15th day of January, 1876, being a *posthumous* child of said M. O. Glover, then deceased. That letters of administration upon the estate of M. O. Glover were granted by the probate court of Edgefield county, unto one J. P. Wells, who applied on the 6th of October, 1875, by his suit in said probate court of Edgefield county, for the sale of the real estate of said M. O. Glover, deceased, to pay his debts. That on the 8th of November, 1877, the administrator, J. P. Wells, filed his supplemental complaint again praying leave to sell the land in dispute for the payment of the debts of said M. O. Glover, deceased, and that under such pleading the land in dispute was sold on the 23d of April, 1878, and purchased by Mrs. F. E. Wells, who took immediate possession thereof and from her the defendant purchased said lands.

From Judge Memminger's decree the plaintiff appealed on the following grounds:

"First. That his Honor, the Circuit Judge, was in error in sustaining the plea of the statute of limitations and dismissing the complaint, because the record showed that the plaintiff brought this action within ten years after he reached the age of twenty-one and his disability had been removed.

"Second. That his Honor, the Circuit Judge, was in error in ruling that the plaintiff should have brought his action within five years instead of ten years after the plaintiff had become twenty-one years of age."

The correctness of the ruling of his Honor, Judge Memminger, depends upon when the cause of action accrued to the plaintiff, M. O. Glover, as against the defendant, Sherman Floyd, for the land in contention. Upon the death of M. O. Glover, intestate, his lands vested in fee simple in his heirs at law. The title thus vested remained there until the heirs at law were dispossessed by a sale thereof by creditors and the possession under title of said sale. If for any legal

cause the title of the purchaser failed, the title of the said lands still remained in the heirs at law.

To the purchaser of said lands in 1878 no question is made by any heirs at law of M. O. Glover, deceased, except the *posthumous* child, the plaintiff herein. The possession by the defendant of the tract of land in question has never been disturbed, and to all the heirs at law who were *sui juris* the statute of limitations has ripened the title after the lapse of ten years.

But the plaintiff insists that such statute of limitations was no bar to his rights of part ownership because he says he was under the the disability of infancy.

All these things are admitted by both parties to this contention.

The plaintiff, however, admits his rights as a part owner were destroyed if the period of his disability is limited to five years after he attained his majority, but he claims that he has ten years, after such disability is removed, to bring suit.

In 1787 the law of this State was that after five years from the period of disability of infancy the statute would bar a recovery. But in 1870 the law was changed to ten years instead of five years. In 1873 the law was again changed to five years instead of ten years. In 1882 the law was again changed from five years to ten years.

So, the question is now presented squarely in this case whether the disability of infancy ceased from five years after the plaintiff became twenty-one years of age, to wit: five years from the 15th of January, 1897—this suit being begun the 2d of February, 1906.

We agree with the Circuit Judge that the plaintiff's action was barred by the statute of limitations for these reasons:

When the possession of the land in question of the heirs at law of M. O. Glover, deceased, was taken by the defendant in April, 1878, a right of action accrued to them. Of course the plaintiff was one of those heirs at law. He might personally have sued the defendant for the recovery of possession subject to the right of the defendant to plead plain-

tiff's infancy or an action might have been preferred by a guardian *ad litem* of plaintiff (this latter was never attempted). It thus appears that the plaintiff at that time had a right of action. The law of this State at that time was that the plaintiff should have five years after his majority, to bring this action.

Section 96 of the Code of Procedure provides as follows: "The provisions of this title shall not extend to actions already commenced, or to cases where the right of action has already accrued; but the statutes now in force shall be applicable to such cases, according to the subject of the action, and without regard to the form."

Clearly, therefore, under this section the right of action was in the plaintiff in 1878 subject to the disability. Such being the case, the plaintiff is bound thereby.

The 111 section of the Code on the 25th of November, 1873, continued in force until 1882, and was as follows:

"If a person entitled to commence any action for the recovery of real property, or to make an entry or defense founded on the title to real property, or to rents or services out of the same, be, at the time such title shall first descend or accrue, either—

"1. Within the age of twenty-one (21) years; or,

"2. Insane; or,

"3. Imprisoned on a criminal charge, or in execution upon conviction of a criminal offense for a term less than for life. The time during which such disability shall continue shall not be deemed any portion of the time in this chapter limited for the commencement of such action or the making of such entry or defense; but such action may be commenced, or entry or defense made, after the period of ten years, and within five years after the disability shall cease, or after the death of the person entitled who shall die under such disability; but such action shall not be commenced, or entry or defense made after that period." But in 1882 this was changed by inserting ten years instead of five.

The decisions of our Court hold that when a right of action or cause of action has accrued, the law is fixed, that no change of the statutes of limitations shall be wrought by any legislation afterwards fixing a different period. *Rehkof* v. *Kuhland,* 30 S. C., 235, 9 S. E., 99; *Lyles* v. *Roach,* 30 S. C., 291, 9 S. E., 334; *Fricks* v. *Lewis,* 26 S. C., 237, 1 S. E., 884; *Stoddard* v. *Owings,* 42 S. C., 89, 20 S. E., 25.

In *Rehkof* v. *Kuhland, supra,* this Court held as follows: "Now as in this case, the right of action had already accrued when the amendment was adopted, such amendment could not extend to this case, but the statute in force at the time the right of acion accrued * * * was applicable. *Nicholas* v. *Briggs,* 18 S. C., 473."

In *Fricks* v. *Lewis, supra,* this Court held: "The action in this case having been commenced neither within six years after the accrual of the cause of action, nor within one year after the disability of the plaintiff was removed, we are of the opinion that the plea of the statute of limitations should have been sustained."

This answers the only question here presented.

We are of the opinion that the judgment of the Circuit Court be, and it is hereby, affirmed.

*Mr. Justice Gary concurs and cites the case of Papot* v. *Trowell,* 8 Rich., 234.