CHEATHAM et al. v. EVANS et al.   SAME v. ADAMS.   SAME v. EDGE-
FIELD MFG. CO.

(Circuit Court of Appeals, Fourth Circuit.   March 10, 1908.)

Nos. 721–723.

1. LIMITATION OF ACTIONS—DECISION OF PLEA—NECESSITY OF FINDING OF FACTS.

Where, on the argument of a plea of the statute of limitations, the parties made an agreed statement of facts, setting forth every fact necessary to the determination of such plea, which was taken under advisement until the whole case should be heard, it was not error for the court to then determine such plea, upon the agreed statement without making a special finding of facts.

2. COURTS—FEDERAL COURTS—FOLLOWING STATE DECISIONS.

The courts of the United States follow the construction of the Constitution and laws of a state placed upon them by its highest court except in cases wherein the laws of a state are in conflict with some provision of the federal Constitution or a federal statute passed in pursuance of the same, or a rule of commercial law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 957.

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

3. SAME—STATE STATUTES OF LIMITATION.

The courts of the United States, in the absence of legislation on the subject by Congress, recognize the statutes of limitation of the several states, and give them the same construction and effect as given by the local tribunals.

4. LIMITATION OF ACTIONS—ACTION TO RECOVER REAL PROPERTY—LAW OF SOUTH CAROLINA.

Code Civ. Proc. S. C. 1872, § 111, as amended in 1873 (15 St. at Large, p. 497), provided that actions for the recovery of real property must be commenced within 10 years, but in case the plaintiff was a minor he was given 5 years after his disability ceased.   The law was again amended by Code Civ. Proc. 1882, § 108, by changing the 10-year period to 20 years and the 5-year period to 10 years.   Section 93 of the latter Code, which is a part of the same title, provides that "the provisions of this title shall not extend to actions already commenced, or to cases where the right of action has already accrued; but the statutes now in force shall be applicable to such cases."   Held that, under such statutes as construed by the Supreme Court of the state, an action in a federal court by the devisees of a testator who died in 1874, at which time the plaintiffs were infants, to recover lands sold as a part of the estate of the testator in 1875 and 1876, since which time they had been in the possession of the purchasers and their grantees. was governed by the law of 1873, although plaintiffs did not attain their majority until after 1882, and that the action was barred in five years after their disability ceased.

In Error to the Circuit Court of the United States for the District of South Carolina, at Charleston.

See 131 Fed. 118.

J. P. K. Bryan, for plaintiffs in error.

N. G. Evans, John C. Sheppard, and Arthur S. Tompkins, for defendants in error.

Before PRITCHARD, Circuit Judge, and MORRIS and WADDILL, District Judges.

PRITCHARD, Circuit Judge. These are three actions brought in the Circuit Court of the United States for the District of South Carolina by the same plaintiffs, Charles Augustus Cheatham and John Oscar Cheatham, citizens of the state of Florida, against Mrs. A. Victoria Evans and Miss Lou P. Gary, citizens of the state of South Carolina, defendants in the first action, and against W. W. Adams, a citizen of the state of South Carolina, defendant in the second action, and also against the Edgefield Manufacturing Company, a corporation of the state of South Carolina, defendant in the third action. These actions are for the recovery of the real estate described in each of the complaints. All of these actions were commenced by personal service of the summons and complaint on all the defendants on the 22d day of April, 1904. In each of these actions the title of the plaintiffs is alleged to be derived through and under the will of Charles A. Cheatham, the father of these plaintiffs. On the 22d day of March, 1874, Charles A. Cheatham, a citizen of Edgefield county, S. C., died, leaving his widow Mrs. Emily Cheatham, and the plaintiffs herein, Charles Augustus Cheatham and John Oscar Cheatham, as his only children. The elder brother, Charles, was born February 16, 1871. John Oscar was born April 24, 1873. The younger of the plaintiffs therefore came of age April 24, 1894, and five years thereafter expired April 24, 1899. These suits were instituted April 22, 1904, so that, if the South Carolina statute of limitations applicable is five years, the bar of the statute was complete long before these suits were instituted. Charles A. Cheatham, the deceased, made a will which was admitted to probate shortly after his death by the judge of probate on the 21st day of April, 1874, in which the testator devised the property in dispute to his said widow and two sons, who are the plaintiffs in this action, and appointed his brother, Oscar F. Cheatham, and his cousin, John C. Cheatham, his executors, but only Oscar F. Cheatham qualified and acted as executor. At the time of his death, the said testator had the legal title to the lands involved in these suits. The tract now belonging to the Edgefield Manufacturing Company was the tract known as "Tract No. 4," the "Sam Brooks woods," and was purchased by C. A. Cheatham, the testator, from Mrs. Catherin R. Chase on the 18th day of September, 1872, and contained then 100 acres, purchase price $2,000, and on the same day, the 18th day of September, 1872, the testator Cheatham made a mortgage to Mrs. Chase on this tract of land for a portion of the purchase money in the sum of $800. After the death of the testator, C. A. Cheatham, who died insolvent, James Richardson, sheriff of Edgefield county, executed a deed dated 25th day of January, 1876, to Fannie Clisby, which recites the existence of a suit in the court of common pleas for Edgefield county, S. C., as the suit of Oscar F. Cheatham, as executor

of C. A. Cheatham, v. Emily Cheatham, C. Augustus Cheatham, and others, in consideration of $1,600, deeding this Chase land to Mrs. Fannie Clisby. On the 16th day of November, 1881, Fannie Clisby, in consideration of $3,000, deeded this tract of land, containing 82 acres, to Dr. J. W. Hill. On the 26th day of September, 1900, Dr. Hill, in consideration of $3,815, deeded this tract, containing 76.3 acres, to the Edgefield Manufacturing Company, who are now the owners of the same. The defendants, Mrs. A. V. Evans and Miss Lou P. Gary, claim title through M. W. Gary by virtue of a will made by said M. W. Gary under the clause of said will which devised his real estate to L. P. Gary, A. V. Evans, and A. F. Hodges, the three sisters of said M. W. Gary.

The real estate of said M. W. Gary was partitioned and sold by order of said court by the master in chancery for Edgefield county, and the defendants, Victoria Evans and Lou P. Gary, purchased the property mentioned and described in complaint of plaintiffs herein, and have been in possession of the same ever since the death of the said M. W. Gary, and the said M. W. Gary had been in possession of said lands since January 4, 1875, the date of the deed from W. H. Wall, the then sheriff of the county of Edgefield, conveying to him the lands described in said complaint, and continuously up to the time of his death, April 9, 1881, and the defendants are now in possession. On the 7th day of November, 1871, Charles Cheatham, the father of the plaintiffs to this action, purchased from W. H. Frazier and W. A. Sanders, executors, the property for which plaintiffs brought their action. On the same day Charles Cheatham executed a mortgage to W. H. Frazier and W. A. Sanders, executors, to secure the credit portion of the purchase money for this land. This mortgage had not been paid nor satisfied at the death of the said Charles Cheatham, the father of these plaintiffs, and was included in an inventory of the debts of the said Cheatham. The real property claimed by the plaintiff and now in the possession of W. W. Adams, was conveyed by Sheriff Hardy Wall, of Edgefield county, to M. A. Markert on the 4th day of January, 1875, the sale of the premises was made pursuant to a mortgage executed by C. A. Cheatham to Leila W. Addison October 15, 1872, to secure the balance due on the purchase price of the premises from the said Leila W. Addison. M. A. Markert held this tract continuously from January 4, 1875, to January 4, 1897, when it was sold in a proceeding for the settlement of his estate and bought by the above-named defendant, a deed being executed to the defendant by W. F. Roath, master.

There are many questions raised by the assignments of error in this case, but we deem it only necessary to consider those presented in the first, second, third, fourth, and fifth exceptions. These exceptions relate to the ruling of the court in regard to the statute of limitations, the first and third exceptions being as follows:

"Exception 1. The plaintiffs except to the judgment of this court rendered on the 6th day of June, 1906, on the ground that, if the same be a special finding on the defense of the statute of limitations, the same is void in not finding the facts which in law would make the plea or defense of the statute of limitations in each of the said cases a bar to the said actions respectively."

"Exception 3. The court erred in holding as follows: 'Under the laws of South Carolina, and decisions of its Supreme Court, which are controlling upon us, the statute of limitations is a bar to this action.'"

It is insisted by counsel for plaintiffs in error that the court did not make any special findings on the defense of the statute of limitations. Before the introduction of evidence the plaintiffs and defendants below entered into the following stipulations of record as to the defense of the statute of limitations:

"In these three cases it is stipulated and agreed by counsel that for the purposes of hearing any decision upon the question of the statute of limitations as a preliminary question it is stipulated and agreed as follows: (1) That Charles A. Cheatham, the father of the plaintiffs, under whom the plaintiffs claim, died on the 20th of April, 1874; that the plaintiffs were born as follows: Charles Augustus Cheatham on the 16th of February, 1871, John Oscar Cheatham on the 24th of April, 1873." "(3) These three present actions were commenced by service of summons on the 22d of April, 1901. (4) The defendants claim title under the following deeds, namely: A. Victoria Evans et al., under deed of conveyance from Hardy Wall, sheriff, made 4th of January, 1875; W. W. Adams under deed of conveyance from Hardy Wall, sheriff, made 4th of January, 1875; the Edgefield Manufacturing Company under deed of conveyance from James A. Richardson, sheriff, dated 25th of January, 1876. (5) The grantees under the foregoing deeds at once took possession under them at the dates thereof, and such possession has continued in the first grantees named in the deeds, and their successive grantees, until now, when it is in the present defendants. (6) Plaintiffs are brothers and co-tenants claiming under the same rule.

"Defendants make a motion to bar these cases, under the statute of limitations. After hearing argument on both sides, the court states that it is not prepared to decide this question at this time, but will reserve its decision on this point, and will hear the whole case, and will render its opinion on this question when the whole case is before it. Mr. Bryan: The three cases involve practically the same question; the case of Cheatham against Evans does not involve the same question; all of the general evidence which may be produced is applicable hereto, except the deeds which refer to the several cases and distinguish the cases, but the questions that are in issue are all involved in all three cases except the Evans case, which involves a further question, which will appear in the testimony. The court upon argument on both sides on the defense of the statute of limitations stated it is not prepared to decide the question at this time, but will reserve its decision on his point and will hear the whole case and will render its decision on this question when the whole case is before it. The court then directed the trial of the case to proceed."

From the foregoing stipulations, it appears that there was an agreed statement of such facts as were necessary to a determination of the question of the statute of limitations which was submitted to the court below for its judgment, and it appears from the record that at the time such statement was submitted to the court the court stated that it would reserve final decision upon such question until the conclusion of the trial. Considerable evidence was offered as to the proceedings in the state court under which these lands, or a portion of them, were sold, and a number of witnesses testified as to certain records in said causes that had been lost or destroyed, but we do not deem it necessary to consider the same as bearing upon the plea of the statute of limitations, inasmuch as the record shows that the court based its decision as to the statute of limitations upon the agreed statement of facts as hereinbefore stated, and for the further reason that there is nothing

contained in the evidence offered which materially affects the statement of facts as agreed upon. At the conclusion of the evidence the court made the following statement as to his conclusions in regard to the plea of the statute of limitations based upon the agreed statement of facts hereinbefore set forth:

"These cases were heard together, and by stipulation of parties a jury was dispensed with. Upon the threshold argument was heard upon the plea of the statute of limitations, at the conclusion of which I stated that my impression was against the proponents of the plea, but that I would reserve final decision thereon, and the case proceeded to trial. I am now of opinion, after a further examination and consideration, that under the law of South Carolina and the decisions of its Supreme Court, which are controlling upon this court, the statute of limitations is a bar to these actions, and accordingly it is ordered and adjudged that the plea be sustained, and that judgment be entered for the defendants.

"June 6, 1906.                          Wm. H. Brawley, U. S. Judge."

                         "Memo. by Presiding Judge.

"As to Exception No. 1: No special finding of fact was made in the judgment on the statute of limitations as argument was heard upon an agreed statement of facts which will be found in the record, and this exception is brought to the court's attention on this November 28th, 1906.
                              "Wm. H. Brawley, U. S. Dist. Judge."

In considering the record in this case, the first question presented is as to whether the court erred in passing judgment upon the plea of the statute of limitations upon the agreed statement of facts. We have considered the case of United States v. Ferguson, 78 Fed. 102, 103, 24 C. C. A. 1, relied upon by plaintiffs in error, and find nothing therein to sustain the contention that the lower court erred in passing upon the agreed statement of facts in this case. Here we have an agreed statement of facts which fully sets forth every fact necessary to the determination of the questions presented.

The next question for consideration is as to whether the court erred in holding that the statute of limitations was a bar to this action. It is well settled that the courts of the United States follow the construction of the Constitution and laws of a state placed upon them by its Supreme Court, except in cases wherein the laws of a state are in conflict with some provision of the federal Constitution or a federal statute passed in pursuance of the same, or a rule of commercial law. Stutsman County v. Wallace, 142 U. S. 293, 12 Sup. Ct. 227, 35 L. Ed. 1018. In the case of Amy v. Dubuque, 98 U. S. 470, 25 L. Ed. 228, Justice Harlan says:

"It is not to be questioned that laws limiting the time of bringing suits constitute a part of the lex fori of any country; they are laws for administering justice, one of the most sacred and important of sovereign rights. It is as little to be questioned that the courts of the United States, in the absence of legislation upon the subject by Congress, recognize the statutes of limitations of the several states, and give them the same construction and effect which are given by local tribunals."

Also, in the case of Bauserman, Administrator, v. Blunt, 147 U. S. at page 654, 13 Sup. Ct. at page 469 (37 L. Ed. 316), the court holds:

"The courts of the United States, in the absence of legislation upon the subject by Congress, recognize the statutes of limitations of the several states.

and give them the same construction and effect which are given by the local tribunals. They are a rule of decision under the thirty-fourth section of the judicial act of Sept. 24, 1789, c. 20, 1 Stat. 92. The construction given to the statute of a state by the highest judicial tribunal of such state is regarded as part of the statute, and is as binding upon the courts of the United States as the text. If the highest judicial tribunal of a state adopts new views as to the proper construction of such a statute, and reverse its former decision, this court will follow the latest settled adjudications."

These and numerous other decisions show that it is the well-settled policy of the courts of the United States to adopt the decisions of the state courts in their construction of statutes of limitations. However, in order that we may be able to fully appreciate the reasons which actuated the court below in sustaining the plea of the statute of limitations, it becomes first necessary to consider the statute of limitations of South Carolina.

Section 96 of the original Code of Procedure of that state is as follows:

"The provisions of this title shall not extend to actions already commenced, or to cases where the right of action has already accrued; but the statute now in force shall be applicable to such cases, according to the subject of the action, and without regard to form."

Section 111 provides as follows:

"If a person entitled to commence any action for the recovery of real property, or to make an entry or defense founded on the title to real property, or to rents and services out of the same be, at the time such title shall first descend or accrue, either (1) within the age of twenty-one (21) years; or (2) insane; or (3) imprisoned on a criminal charge, or in execution upon conviction of a criminal offense for a term less than life; the time during which such disability shall continue shall not be deemed any portion of the time in this chapter limited for the commencement of such action, or the making of such entry or defense; but such action may be commenced, or entry or defense made, after the period of twenty (20) years, and within ten years after the disability shall cease, or after the death of the person entitled who shall die under such disability; but such action shall not be commenced, or entry or defense made, after that period."

This provision of the Code remained in force until the 25th day of November, 1873, at which time an act was passed by the General Assembly of that state entitled "An Act to Alter and Amend the Code of Procedure. Being Title Five, Part Three, of the General Statutes." 15 St. at Large, p. 497. This act amends section 111 of the Code by striking out 20 years and inserting 10 years in lieu thereof, and by striking out 10 years and inserting in lieu thereof 5 years. Thus the original Code was amended so, that whereas, under that Code, a party had 20 years within which to bring a suit, after the passage of the act of 1873 he had 10 years; and instead of having 10 years under the original Code within which to bring his action he only had 5 years. The act of 1873 remained in force until 1882. The Legislature at its session of that year amended the act of 1873 as to the time within which such actions might be brought by restoring the provisions of section 111 of the original Code. Therefore we are confronted with the proposition as to whether the provisions of the act of 1873 or the general statutes of 1882 govern in determining the questions presented for our consideration.

The court below held that plaintiffs' cause of action accrued while the act of 1873 was in force, and that therefore the plaintiffs were required by said act to bring their suit within 5 years after they attained the age of 21 years. Section 96 provides in express terms that the provisions of that title "shall not extend to actions already commenced or to cases where the right of action has already accrued, but the statute now in force shall be applicable to such cases, according to the subject of the action, and without regard to form." This provision of the Code has never been amended, and is still a part of the law bearing upon this question. In view of this provision, if the right of the plaintiffs existed prior to the adoption of the general statute of 1882, it necessarily follows that the provisions of the act of 1882 do not apply. In other words, the plaintiffs' right of action accrued while the provisions of the act of 1873 were in force, to wit, upon the sale of the lands by the sheriff of Edgefield county, on the 4th day of January, 1875. The Supreme Court of South Carolina has passed upon this question in a recent decision in a case in which the facts are almost identical with those of the case at bar, and applying the rules of construction adopted by the Supreme Court of the United States with respect to the decisions of the highest court of a state, we think the decision of the Supreme Court of South Carolina is conclusive.

In the case of Glover v. Floyd, 76 S. C. 292, 57 S. E. 25, the Supreme Court of South Carolina rendered an opinion by its Chief Justice on the 13th day of March, 1907. We quote the entire opinion, which reads as follows:

"On the 2d of February, 1906, this plaintiff brought action for the recovery, as the owner, of one-sixth interest, or one-fourth of two-thirds of 165 acres of land as described in the complaint, from the defendant. The answer of the defendant denied the ownership of said lands by the plaintiff. Several grounds for this denial were pleaded by the defendant. By agreement of the parties the only ground for such denial which came on for trial before Judge Memminger was that, even if the plaintiff had any claim to any interest in the tract of land in dispute, he was barred of any such claim by the statute of limitations. Judge Memminger, by his decree, rendered the 26th of October, 1906, sustained the plea of the statute of limitations and dismissed the complaint.

"By the statement of facts, it was agreed that the father of the plaintiff died intestate on the 19th day of April, 1875, leaving a widow and three infant children as his heirs at law. That the plaintiff was born on the 15th day of January, 1876, being a posthumous child of said M. O. Glover, then deceased. That letters of administration upon the estate of M. O. Glover were granted by the probate court of Edgefield county, unto one J. P. Wells, who applied on the 6th of October, 1875, by his suit in said probate court of Edgefield county, for the sale of the real estate of said M. O. Glover, deceased, to pay his debts. That on the 8th of November, 1877, the administrator, J. P. Wells, filed his supplemental complaint, again praying leave to sell the land in dispute for the payment of the debts of said M. O. Glover, deceased, and that under such pleading the land in dispute was sold on the 23d of April, 1878, and purchased by Mrs. F. E. Wells, who took immediate possession thereof, and from her the defendant purchased said lands.

"From Judge Memminger's decree the plaintiff appealed on the following grounds: 'First. That his honor the Circuit Judge was in error in sustaining the plea of the statute of limitations and dismissing the complaint, because the record showed that the plaintiff brought this action within ten years after he reached the age of twenty-one and his disability had been removed. Second. That his honor the Circuit Judge was in error in ruling that the plaintiff

should have brought his action within five years instead of ten years after the plaintiff had become twenty-one years of age.'

"The correctness of the ruling of his honor Judge Memminger depends upon when the cause of action accrued to the plaintiff, M. O. Glover, as against the defendant, Sherman Floyd, for the land in contention. Upon the death of M. O. Glover, intestate, his lands vested in fee simple in his heirs at law. The title thus vested remained there until the heirs at law were dispossessed by a sale thereof by creditors and the possession under the title of said sale. If for any legal cause the title of the purchaser failed, the title of the said lands still remained in the heirs at law. To the purchaser of said lands in 1878, no question is made by any heirs at law of M. O. Glover, deceased, except the posthumous child, the plaintiff herein. The possession by the defendant of the tract of land in question has never been disturbed, and to all the heirs at law who were sui juris the statute of limitations has ripened the title after the lapse of ten years.

"But the plaintiff insists that such statute of limitations was no bar to his rights of part ownership because he says that he was under the disability of infancy. All these things are admitted by both parties to this contention. The plaintiff, however, admits his rights as a part owner were destroyed if the period of his disability is limited to five years after he attained his majority, but he claims that he has ten years, after such disability is removed, to bring suit. In 1787 the law of this state (5 St. at Large, p. 77) was that after five years from the period of disability of infancy the statute would bar a recovery. But in 1870 the law (14 St. at Large, p. 446) was changed to ten years instead of five years. In 1873 (15 St. at Large, p. 497) the law was again changed to five years instead of ten years. In 1882 (section 108, Code Civ. Proc.) the law was again changed from five years to ten years. So the question is now presented squarely in this case whether the disability of infancy ceased from five years after the plaintiff became twenty-one years of age, to-wit, five years from the 15th of January, 1897—this suit being begun on 2d day of February, 1906.

"We agree with the circuit judge that the plaintiff's action was barred by the statute of limitations for these reasons: When the possession of the land in question of the heirs at law of M. O. Glover, deceased, was taken by the defendant in April, 1878, a right of action accrued to them. Of course the plaintiff was one of those heirs at law. He might personally have sued the defendant for the recovery of the possession subject to the right of the defendant to plead plaintiff's infancy, or an action might have been preferred by a guardian ad litem of plaintiff (this latter was never attempted). It thus appears that the plaintiff at the time had a right of action. The law of this state at that time was that the plaintiff should have five years after his majority to bring this action.

"Section 93 of the Code of Procedure, 1882, provides as follows: 'The provisions of this title shall not extend to actions already commenced, or to cases where the right of action has already accrued; but the statutes now in force shall be applicable to such cases, according to the subject of the action, and without regard to the form.'

"Clearly, therefore, under this section the right of action was in the plaintiff in 1878 subject to the disability. Such being the case, the plaintiff is bound thereby. The 111th section of the Code on the 25th day of November, 1873 (15 St. at Large, p. 497), continued in force until 1882, and was as follows:

" 'If a person entitled to commence any action for the recovery of real property, or to make an entry or defense founded on the title to real property, or to rents or services out of the same, be, at the time such action shall first descend or accrue, either (1) within the age of twenty-one (21) years; or (2) insane; or (3) imprisoned on a criminal charge, or in execution upon conviction of a criminal offense for a term less than life; the time during which such disability shall continue shall not be deemed any portion of the time in this chapter limited for the commencement of such action or the making of such entry or defense; but such action, may be commenced, or entry or defense made, after the period of ten years, and within five years after the disability shall cease, or after the death of the person entitled who shall

die under such disability; but such action shall not be commenced or entry or defense made after that period.'

"But in 1882 this was changed by inserting ten years instead of five. The decisions of our court hold that, when a right of action or cause of action has accrued, the law is fixed; that no change of the statutes of limitations shall be wrought by any legislation afterwards fixing a different period. Rehkopf v. Kuhland, 30 S. C. 235, 9 S. E. 99; Lyles v. Roach, 30 S. C. 291, 9 S. E. 334; Fricks v. Lewis, 26 S. C. 237, 1 S. E. 884; Stoddard v. Owings, 42 S. C. 89, 20 S. E. 25.

"In Rehkopf v. Kuhland, supra, this court held as follows: 'Now, as in this case, the right of action had already accrued when the amendment was adopted, such amendment could not extend to this case, but the statute in force at the time the right of action accrued * * * was applicable. Nichols v. Briggs, 18 S. C. 473.'

"In Fricks v Lewis, supra, this court held: 'The action in this case having been commenced neither within six years after the accrual of the cause of action, nor within one year after the disabilities of the plaintiff was removed, we are of the opinion that the plea of the statute of limitations should have been sustained.' This answers the only question here presented.

"We are of opinion that the judgment of the Circuit Court be, and it is hereby, affirmed."

It is insisted by counsel for plaintiffs in error that "each of the defendants herein committed a trespass by taking possession of the land as against the plaintiffs at the time when they purchased it," and that, in considering the plea of the statute of limitations, the statute only begins to run from the date when the present defendants took possession of the land. This position is untenable.

In the case of Lyles v. Roach, 30 S. C. 295, 9 S. E. 334, the court says:

"It may be stated generally, and with reference to all statutes of limitations, both as to actions arising on contracts and also upon torts, trespasses, etc., that the currency of the statute commences when the cause of action accrues, or, as Judge Evans said in Bugg v. Summer: 'Whenever there is a plaintiff who can sue, and a defendant who can be sued, the statute begins to run. A right of action has accrued.' Bugg v. Summer, 1 McMul. 333; and the limitation in force at the accrual of the right is the limitation which must govern. This theory is sustained in our recent case of Nichols v. Briggs, 18 S. C. 478, where the limitation of force at the time the note fell due was applied, and not the one when the action was brought. And this was not because the subject-matter rested on contract, but because the accrual of a right of action sets the statute in motion, and this was the case whether the cause of action was assumpsit, trespass, trover, debt, or whatever else it might be. Respondents' counsel contends ingeniously that title founded upon adverse possession is nothing but a right or title growing out of a continuous daily trespass submitted to for the statutory period, and if the defendants can show such continuous daily trespass since the act of 1873, submitted to for 10 years by the plaintiff, then they are protected, their trespass having ripened into a right. But it will be observed that the action of the plaintiff is for the recovery of the possession of the land, and the right of action for such possession accrued first when he was illegally deprived of possession, and, if that deprivation has continued, there has not been a second cause created thereby, but the first has continued, and the currency of the statute being set in motion by the accrual of the first, the time must be estimated from that period and according to the provisions of the act of the assembly then in force."

In view of the decisions of the Supreme Court of South Carolina, the court below was clearly right in holding that the five-years statute applied in this case.

For the reasons herein stated, we are of opinion that the assignments of error are without merit, and the judgment of the Circuit Court is affirmed.