16014

UNITED STATES RUBBER COMPANY v. McMANUS.

(45 S. E. (2d) 335)

*Messrs. Gregory & Gregory* and *John D. Wylie,* of Lancaster, for Appellant,

*Messrs. Wendell M. Levi* and *Raymon Schwartz,* of Sumter, for Respondent,

*Messrs. Gregory & Gregory* and *John D. Wylie,* of Lancaster, for Appellant, in reply,

November 26, 1947.

FISHBURNE, J.: This appeal is from a judgment of the circuit court permitting the respondent to bring an action

against the appellant on a judgment less than twenty years old and more than ten years old. The judgment was rendered in favor of Fisk Tire Company against the appellant, John A. McManus, in the sum of $2,605.15, and entered in the office of the clerk of court for Greenville County on November 12, 1932.

The respondent, United States Rubber Company, the assignee of the judgment served upon the appellant, now a resident of Lancaster County, noticed that it would apply to the resident circuit judge for permission to institute an action against the appellant upon this judgment. The motion was duly heard and such leave was granted by order of date March 1, 1947. The order was based on Section 354, 1942 Code, which provides that "no action shall be brought upon a judgment rendered in any court in this State * * * without leave of the court, or a judge thereof, * * * for good cause shown, on notice to the adverse party * * *."

Appellant resisted the motion upon the ground that the proposed action was barred by the statute of limitations; and barred by reason of Act No. 516 of the Acts of the General Assembly for the year 1946, 44 Stat. at Large, 1436, which radically changed the operation and effect of existing statutes governing limitation of actions on judgments.

Prior to the passage of the 1946 Act above referred to, the limitation for bringing an action on a judgment was twenty years, Section 387, subsection 1. Section 743, subsection 1, provided that judgments shall constitute a lien on the real estate of the judgment debtor for ten years from date of entry. And the procedure was set forth in subsections 2, 4, 5, 6 and 7 of Section 743 as to how judgments could be renewed or revived within the period of ten years by the service of a summons upon the judgment debtor. Section 745 permitted an action on a judgment after the lapse of twenty years from the date of its entry.

By Act of the general assembly approved March 22, 1946, 44 Stat. at Large, 1436, the legislature repealed subsection

1 of Section 387, thus taking away. the right to bring an action upon a judgment within twenty years. The Act likewise repealed subsections 2, 4, 5, 6 and 7 of Section 743 of the Code, which authorized the renewal or revival of judgments within the period of ten years, and also repealed Section 745 of the Code, which permitted an action upon a judgment after a lapse of twenty years from the date of the original entry thereof.

Section 4 of the 1946 Act provides:

"Actions to revive judgments.—That the repeal of the Sections provided for in this Act shall not be construed to affect any actions now pending to revive judgments which are less than ten years old, or any actions which may be instituted within twelve (12) months from the passage of this Act for the revival of judgments which are less than ten years old, and any judgments which may be revived as herein provided for shall constitute a lien for ten years from the date of the revival of said judgments. Provided, that after the expiration of twelve (12) months from the date of the approval of this Act, no action shall be brought for the revival or renewal of any judgment".

And Section 5 provides:

"All Acts or parts of Acts inconsistent with this Act are hereby repealed."

The circuit court held that the 1946 Act did not apply to the facts in this case under the authority of Section 355-1, which provides, "The provisions of this title shall not extend to actions already commenced, or to cases where the right of action has already accrued; but the statutes then in force shall be applicable to such cases, according to the subject of the action and without regard to the form".

In applying the foregoing statute, the court held that at the time of the passage of the 1946 Act, the respondent's right of action had already accrued, and that it had a vested property right in the judgment. In sup-

port of this conclusion the case of *Glover v. Floyd,* 76 S. C. 292, 57 S. E. 25, 27, was cited and relied upon. The case of *Glover v. Floyd, supra,* announced the generally recognized principle that, "When a right of action or cause of action has accrued, the law is fixed; that no change of the statutes of limitations shall be wrought by any legislation afterwards fixing a different period."

As an additional ground to sustain the order of the Circuit Court, the respondent contends that the 1946 Act is unconstitutional in that it violates the due process clauses of both the Federal and the State Constitutions, Fifth and Fourteenth Amendments to the United States Constitution; Art. I, Section 5 of the Constitution of South Carolina.

In our opinion, the lower court erred in holding that the respondent's cause of action had accrued at the date of the passage of the Act of 1946. The precise question was presented in the case of *American Agricultural Chemical Co. v. Thomas,* 206 S. C. 355, 34 S. E. (2d) 592, 594, 160 A. L. R. 594. The effort was made in that case under Section 354, to bring an action on a judgment which was more than ten years old but less than twenty, and it was there held that the cause of action had not matured, and could not accrue until *after* the circuit court had issued its order granting leave to bring the action. It will be borne in mind that when the 1946 Act was passed, repealing subsection 1 of Section 387 of the Code, no application had been made to the circuit court by the respondent for permission to bring an action upon its judgment. The motion was not made until one year thereafter, *viz.,* March 1, 1947.

It was held in *American Agricultural Chemical Co. v. Thomas, supra:*

"The conditions precedent to maintaining an action on a judgment detailed in Section 354 operate on the right itself. Compliance with these conditions, specifically attached to the right, constitutes an essential element of the cause of

action, and partakes of the subject-matter. It therefore follows that plaintiff's cause of action was not complete, and its right to sue did not accrue until the statutory requirements had been fully performed."

The foregoing decision of the court does not in any sense run counter to the principle announced in *Glover v. Floyd,* 76 S. C. 292, 57 S. E. 25, holding that when a right of action or cause of action has accrued the law is fixed, and no change of the statutes of limitations shall be wrought by any legislation afterwards fixing a different period. In the case now before us, it is clear that the respondent's cause of action at the date of the 1946 Act, had not accrued because at the time of such enactment it had not obtained leave of the court to bring an action on the' judgment. The obtaining of leave constituted a prerequisite to the court's jurisdiction to entertain such an action.

The remaining question to be passed upon is this: Is a South Carolina judgment more than ten years old a vested right, property or a contract as contemplated by the due process clauses of the State and Federal Constitutions?

As we have heretofore shown, prior to Act No. 516 of the 1946 Acts, a judgment in this state more than ten years old amounted to nothing more than an inchoate or potential cause of action. Under the law, there was no vested right to sue until the statutory requirements had been complied with. The granting of leave constituted an essential element of the cause of action and without it no cause of action existed. More than ten years having elapsed since the judgment in question was rendered, it had lost its effectiveness as a lien and had become dormant. No execution could have been issued upon it, and the only way to revive it was to bring an action before the expiration of the twenty year period. And this period of limitation, Section 387, was repealed by the 1946 Act.

The case of *Gillespie v. Pickens County,* 197 S. C. 217, 14 S. E. (2d) 900, 905, has a direct bearing upon the question under discussion. There the court said:

"Furthermore, it is well settled that ·the legislature, without violation of the guaranties of due process of law, may reduce the period in which actions may be brought and may make such reduction applicable to existing causes of action 'subject, however, to the conditions that it may not entirely take away the right to sue, nor so unreasonably shorten the period as practically to take away all remedy'. 16 C. J. S., Constitutional Law, § 615, p. 1238. It is earnestly argued that the period of six months allowed by the act of May 9, 1938, would unreasonably shorten the period, but I do not concur in this view. See 17 R. C. L. 679.

"A very admirable statement of the law on this subject will be found in our own case of *Stoddard v. Owings,* 42 S. C. 88, 20 S. E. 25, 26, the opinion in which was delivered by Chief Justice MeIver; and he says: 'For there can be no doubt that the legislature may, without any violation of constitutional provisions, change the periods prescribed as a limitation to actions, either by extending or reducing the periods previously prescribed, as well in reference to antecedent as subsequent contracts. The rule is well stated in *Bigelow v. Bemis,* 2 Allen, Mass., 496, in these words: "It is well settled that it is competent for the legislature to change statutes prescribing a limitation to actions, and that the one in force at the time of suit brought is applicable to the cause of action. The only restriction upon the exercise of this power is that the legislature cannot remove a bar which has already become complete, and that no new limitations shall be made to affect existing claims without allowing a reasonable time for parties to bring actions before their claims are absolutely barred by a new enactment."' "

We need only point out that the 1946 Act in no way affected an "existing cause of action" vested in the respondent. A vested right of action is property in

the same sense in which tangible things are property, and is equally protected against arbitrary legislative interference. To permit the legislature to destroy vested rights of action would be in violation of the due process clauses of the Federal Constitution and the State Constitution. But rights are vested only when they are absolute, complete and unconditional, and not dependent upon any future act, contingency or decision. 16 C. J. S., Constitutional Law, § 215; *Bain v. Boykin*, 180 Va. 259, 23 S. E. (2d) 127.

We think it evident that the Act of 1946 did not have the effect of destroying any existing cause of action possessed by the respondent, nor did it take away from him any vested right. A judgment in South Carolina, prior to the 1946 Act, which was more than ten years old, was not a vested right because it was dependent upon a future Act, contingency or decision, namely: an order of the circuit judge permitting suit thereon.

Respondent takes the position that the 1946 Act is unconstitutional because it contains no provision for a reasonable time within which to bring an action on a judgment more than 10 years old. There is no merit in this contention. The numerous cases cited and relied upon by respondent to support this argument relate to *existing* causes of action. They have no relevancy here for the reasons heretofore stated.

Judgment reversed.

BAKER, CJ., and STUKES, TAYLOR and OXNER, JJ., concur.

BAKER, CJ. (concurring).

I concur in the opinion of Mr. Justice Fishburne under what appears to be binding authority of the majority opinion in *American Agricultural Chemical Co. v. Thomas*, 206 S. C. 355, 34 S. E. (2d) 592, 160 A. L. R. 594.