Marion C. CANNON, Appellee,

v.

JOHNSON, LANE, SPACE, SMITH & COMPANY, INC., Appellant.

No. 79–1081.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 5, 1979.

Decided April 11, 1980.

---

William C. Boyd, III, Columbia, S. C. (Charles W. Knowlton, Boyd, Knowlton, Tate & Finlay, Columbia, S. C., on brief), for appellant.

Robert C. Elliott, Columbia, S. C. (Hyatt & Elliott, Columbia, S. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Senior Circuit Judge, and BUTZNER, Circuit Judge.

BUTZNER, Circuit Judge:

Johnson, Lane, Space, Smith & Company (Johnson) appeals from a judgment of the district court awarding damages to Marion C. Cannon for Johnson's violation of the South Carolina Blue Sky Act's registration requirement. S.C.Code § 35-1-810. Jurisdiction is based on diversity of citizenship. Liability and damages are stipulated. The sole issue on appeal is whether the district court properly decided that Cannon's action was not barred by the statute of limitations. We affirm.

The securities in question were purchased in 1974. At that time the applicable statute of limitations was two years. S.C.Code § 35-1-1530. Before the two years had run on Cannon's claim, the legislature amended § 35-1-1530 to provide for a three-year statute of limitations.[1] Cannon brought this suit more than two and less than three years from the date of the sales. The district court held that the three-year limitation period was applicable and granted summary judgment in Cannon's favor. *Cannon v. Johnson, Lane, Space, Smith & Co.*, 460 F.Supp. 724 (D.S.C.1978).

For reasons adequately stated in the district court's opinion, we conclude that the three-year statute of limitations should be applied. We add only a few points of amplification.

South Carolina Code § 35-1-190,[2] which was enacted in 1961, does not forbid a retrospective application of § 35-1-1530, as amended in 1976. Section 35-1-190 provides a clean break between actions controlled by common law and actions controlled by the state Blue Sky Law enacted in 1961. By its terms, both the general rule and the exception contained in § 35-1-190 only affect suits based on facts occurring before the effective date of the Blue Sky Act, June 14, 1961. All of the facts on which this suit is based occurred after 1961, so § 35-1-190 does not apply to it. Our conclusion is supported by the fact that when the legislature amended § 35-1-1530 it did not change § 35-1-190 so that it would be consistent with the amendment's effective date and three-year limitation period.

A recent South Carolina case lends additional support to the district court's decision. In *Hercules, Inc. v. South Carolina Tax Commission*, 262 S.E.2d 45 (S.C.1980), the Supreme Court of South Carolina applied retrospectively a statute which tolled the statute of limitations on tax assessments. While the Court recognized the general presumption that statutes are applied prospectively, it noted that this presumption was not universal:

A principal exception to the above stated presumption is that remedial or procedural statutes are generally held to operate retrospectively. *Howard v. Allen*, 368 F.Supp. 310 (D.S.C.1973), aff'd, 487 F.2d 1397 (4th Cir. 1973) . . . . As a statute of limitations affects the remedy and not the right, . . . the statute in question is remedial since it has the effect of tolling the general three-year stat-

---

1. An Act to Amend Section 62-313, Act No. 453, 1976 S.C. Acts 1443.

2. § 35-1-190. Effect of chapter on pending proceedings or existing rights of action.

   Prior law exclusively governs all suits, actions, prosecutions or proceedings which are pending or may be initiated on the basis of facts or circumstances occurring before June 14, 1961, except that no civil suit or action may be maintained to enforce any liability under prior law unless brought within any period of limitation which applied when the cause of action accrued and in any event within two years after June 14, 1961.

   The last clause of this section indicates that in 1961 the legislature intended the statute of limitations to be applied retrospectively under certain circumstances.

ute of limitations on tax assessments. [262 S.E.2d at 48.]

Two cases, which the district court did not cite, do not require a contrary result. In *Hatfield v. Atlas Enterprises, Inc.*, 262 S.E.2d 900 (S.C.1980), the Court refused to apply retrospectively a statute imposing strict liability on manufacturers. The Court reasoned that this statute created a cause of action that did not exist at common law. In contrast, § 35–1–1530 did not create a new cause of action; by extending the statute of limitations, it affected a remedy that already existed. The second case is *United States Rubber Co. v. McManus*, 211 S.C. 342, 45 S.E.2d 335 (1947), which dealt with the question of when a cause of action accrues. Although dicta arguably supports the contention that in South Carolina statutes of limitation should not be applied retrospectively, the Court's recent decision in *Hercules* is controlling.

*AFFIRMED.*