21957

Charles GOFF, Respondent, v. Morgan MILLS and Employers Insurance of Wausau, Appellant.

(308 S. E. (2d) 778)

---

. *D. Lawrence McIntosh*, of *Wright, Scott, Blackwell & Powers*, Florence, *for appellant.*

*Eugene Huggins*, Bennettsville, *for respondent.*

July 18, 1983.

Lewis, Chief Justice.

Appeal is taken by the employer and insurance carrier from an order of the circuit court reversing a decision of the South Carolina Industrial Commission which had previously affirmed the finding of a single commissioner. We affirm the order of the circuit court.

Respondent filed a claim for Workmen's Compensation benefits in January 1979. The record shows that on April 5, 1978, the claimant had been definitively diagnosed as disabled by reason of an occupational disease, specifically byssinosis. The Industrial Commission found that the claimant had been disabled by this disease for eighteen years prior to the diagnosis in April 1978.

The single commissioner, narrowly affirmed by an evenly divided full commission, held that respondent's claim for compensation was time-barred under the doctrine of *Drake v. Raybestos-Manhattan, Inc.*, 241 S. C. 116, 127 S. E. (2d) 288.

This Court held in *Drake* that the limitation period for occupational diseases would commence to run only when "the disease has culminated in disability *and* when the claimant by reasonable diligence could have discovered that the condition was a compensable one." The single commissioner found that the claimant could have discovered the compensability of his condition in 1960, when he was forced to stop working. Upon this fact finding is premised the conclusion that recovery would be barred by the one year filing requirement established by Section 72-303, Code of Laws, 1952, which after 1960 remained unchanged until a 1974 amendment extended the filing period from one to two years. See Section 72-303, Code of Laws, 1962 (1975 Cum. Supp.).

In *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304, we recognized that judicial review of Industrial Commission decisions would be governed by the Administrative Procedures Act, Section 1-23-380(g), Code of Laws, (1976 Cum. Supp.). That section permits judicial review and reversal where "administrative findings, inferences, conclusions or decisions are: (1) in violation of constitutional or statutory provisions . . . (4) affected by other error of law . . . (5) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. . . ."

The circuit court based its reversal upon a view that Section 42-15-40, Code, 1976 (successor provision to 72-303, Code, 1962) was jurisdictional, hence a court of review would not be bound by administrative findings of fact. We have consistently denied the jurisdictional nature of this limitations provision. *Chapman v. Foremost Dairies, Inc.*, 249 S. C. 438, 154 S. E. (2d) 845; *Case v. Hermitage Cotton Mills*, 236 S. C. 285, 113 S. E. (2d) 794. At the same time, however, the reasoning adopted by the court below is not binding upon this Court if the record discloses a correct result. *State v. Goodstein*, 278 S. C. 125, 292 S. E. (2d) 791 (and cases cited).

We begin with the finding of the single commissioner that in 1960 "claimant, by reasonable diligence, could have discovered that his condition was a compensable one." Implicit in this statement is a finding that the claimant *actually failed* to exercise reasonable diligence to protect his then accrued right to benefits. Such a determination was clearly erroneous in view of the substantial evidence in the record.

The undisputed testimony of the claimant was that he repeatedly sought medical treatment for his breathing problems both before and after his retirement. The names of at least nine doctors were placed in the record, none of whom over the course of eighteen years had indicated to the claimant that his condition was work-related in their professional opinions. Only the tenth physician, Dr. Hazelwood, made this diagnosis in April 1978, as noted. Moreover, respondent testified that others in his shop seemed not to suffer the same effects as he. A former supervisor supported this testimony in relating that he on numerous occasions had to relieve the respondent from his duties in order that respondent could literally take a "fresh air" break. From the foregoing it is altogether understandable that a layman might believe his ailment, though obviously aggravated by conditions at work, must have had some origin peculiar to himself. The evidence shows convincingly that the claimant exercised reasonable diligence. In view of his repeated resort to physicians, upon whom he relied, one is hard pressed to imagine what more in the way of "reasonable diligence" could be required.

We conclude, therefore, that the statute of limitations did not commence to run in this case until April 1978, when at long last the respondent learned that his condition was in fact compensable under the Workmen's Compensation Act. The premise upon which the Commission bases its contrary ruling is totally at odds with the substantial evidence in this record.

In light of the foregoing, it was not improper for the circuit court to apply the provisions of 1978 Act No. 522, Section 6 (effective May 30, 1978). This Act amended Section 42-15-40, Code, by adding the proviso shown below.

> The right to compensation under this Title shall be forever barred unless a claim is filed with the Commission within two years after an accident . . . provided, however, that in the case of occupational disease claims such two-year period shall not begin to run until the employee concerned has been definitively diagnosed as having an occupational disease and has been notified of such diagnosis.

As pointed out by the circuit court, this language is obviously remedial. *Hercules, Inc. v. S. C. Tax Commission*, 274 S. C. 137,

262 S. E. 2d 45. No new right of recovery was created by the 1978 amendment nor was any lapsed right revived. Instead, the date upon which the limitation period commenced the judicially created test of *Drake v. Raybestos-Manhattan, Inc., supra,* was supplanted.

This Court has consistently approved retroactive application of statutes which provide procedural or remedial benefits as opposed to statutes affecting vested or substantial rights. *Merchants Mutual Insurance Company v. South Carolina Second Injury Fund,* 277 S. C. 604, 291 S. E. (2d) 667; *Boyd v. Boyd,* 277 S. C. 416, 289 S. E. (2d) 153; *Hercules, Inc. v. South Carolina Tax Commission, supra; Hyder v. Jones,* 271 S. C. 85, 245 S. E. (2d) 123; Sutherland on Statutory Construction (4th Edition) Sections 60.02 and 60.05.

We find these principles especially applicable in the present case, for the claimant-respondent's right to benefits had not lapsed as of May 30, 1978, or even on January 5, 1979, when he instituted this action. An enlargement of the limitations period properly would govern his claim since it had not been time-barred under the pre-existing statute. 79 A.L.R. 1080, 1100, "Limitations-Enlarging Period." We therefore see no problem in this case of reviving a stale cause of action. *U. S. Rubber Company v. McManus,* 211 S. C. 342, 45 S. E. (2d) 335.

The respondent was entitled to a limitations period commencing on the date of the "definitive diagnosis." It is clear from the record that he fully complied with both the existing and amended statute of limitations established by 42-15-40, Code, 1976 (1982 Cum. Supp.). The circuit court correctly reversed the Industrial Commission, remanding the case for further proceedings.

Judgment is affirmed.

GREGORY and HARWELL, JJ., concur.

NESS and LITTLEJOHN, JJ., dissent.

NESS, Justice (dissenting).

I disagree.

The claimant last worked for appellant in 1960 when, totally disabled due to his breathing difficulties, he was forced to retire. He did not file a claim until January 5, 1979, nearly

twenty years after he retired. Using the statute applicable in 1960 and this Court's decision in *Drake v. Raybestos-Manhattan, Inc., et al.,* 241 S. C. 116, 127 S. E. (2d) 288 (1962), the Commission found the claimant knew he had a compensable injury in 1960. The circuit court retroactively applied S. C. Code Ann. § 42-15-40 (1976) as amended, and reversed.

First, I would hold § 42-15-40 (1975) is not retroactive.

Generally, a statute is presumed prospective only and not retroactive unless there is clear legislative intent to the contrary. *Fidelity and Casualty Ins. Co. of New York v. Nationwide Ins. Co., et al.,* 278 S. C. 332, 295 S. E. (2d) 783 (1982). While we have never specifically passed on the retroactivity of § 42-15-40, we have consistently held the law is fixed when a cause of action accrues, and no change of the statutes of limitation may be wrought by any later legislation fixing a different period. *United States Rubber Co. v. McManus,* 211 S. C. 342, 45 S. E. (2d) 335 (1947); *Glover v. Floyd,* 76 S. C. 292, 57 S. E. 25 (1907).

The North Carolina Supreme Court dealt with this issue in *McCrater v. Stone & Webster Engineering Corp., et al.,* 248 N. C. 707, 104 S. E. (2d) 858 (1958). Quoting from 82 A.L.R. 1244, the Court stated:

> "As regards an injured employee, the time to be considered in determining whether a case is within the earlier or later provisions of the workmen's compensation act in relation to the compensation recoverable is the time of the injury. *The right of the employee to compensation arises from the contractual relation between him and his employer existing at that time, and the statute then in force forms a part of the contract of employment and determines the substantive rights and obligations of the parties. No subsequent amendment in relation to the compensation recoverable can operate retrospectively to affect in any way the rights and obligations prior thereto fixed.* (Emphasis supplied.)

Moreover, § 42-15-40 was amended once between the date of respondent's disability and the 1978 amendment date with *no* change in the language pertinent to this case. This indicates that the 1978 amendment was not merely an interpretation or clarification of existing law but was actually a change of that law, and a rewriting of this section.

I would hold the trial court erred in applying § 42-15-40 retroactively.

I would also hold the circuit court erred in finding that even if § 42-15-40 were not retroactive, the claim was nonetheless timely filed as the claimant could not reasonably have known he had a compensable condition until his 1978 diagnosis.

The trial judge concluded the statute of limitations question was a jurisdictional one, and thus he could find the facts in accordance with his own view of the preponderance of the evidence.

We have held that the imposition of a statute of limitations is not a jurisdictional question. *Chapman v. Foremost Dairy, Inc., et al.*, 249 S. C. 438, 154 S. E. (2d) 845 (1967); *Case v. Hermitage Cotton Mills, et al.*, 236 S. C. 285, 113 S. E. (2d) 794 (1960). Thus, the trial court was not entitled to disregard the Commission's factual finding that the claimant knew his breathing difficulties were work-related when he retired in 1960.[1] Rather, the trial court was bound by the Commission's findings unless clearly erroneous in view of the substantial evidence on the whole record. *Marquard, et al., v. Pacific Columbia Mills, et al.*, 278 S. C. 323, 295 S. E. (2d) 870 (1982); *Bridges, et al., v. Housing Authority, et al.*, 278 S. C. 342, 295 S. E. (2d) 872 (1982). I would hold the evidence amply supports the Commission's findings, and reverse.

LITTLEJOHN, J., concurs.

---

[1] At Tr. 78, f. 10-14 the claimant testified on direct examination by Commissioner Trask that the dust in the cotton mill was the cause of his lung problems. I believe where a claimant clearly knows his medical problem has been caused by his employment, he has sufficient knowledge to file a claim and thus the statute of limitations began to run.