The opinion of the Court was delivered by
Nott, J.
There are two questions submitted to the consideration of the Court in this casé.
1. Whether a person can maintain an action of trespass quare clau-sum fregit, for a trespass committed on an uncultivated and unenclosed part of an entire tract of land, of a part of which the plaintiff is in actual possession, (though not of the part trespassed on,) without some written evidence of title ?
2. Whether' evidence of license can be given in evidence under the general issue ?
In an action of trespass quare clausum fregit, the title of the land does not necessarily come in question. Possession alone will enable a person to maintain an action. Harker et al. v. Birkbeck et al., 3 Burr. 1556. And for that purpose an actual possession of part is a constructive possession of the .whole. And parol evidence of the fact, as well as the extent of plaintiff’s possession, is admissible, without any written evidence of title.[1] The defendant may put the plaintiff upon the proof of title, if he choose to do so, or he may set up a title in himself. 3 Black. Com. 214. Reeve’s Eng Law, 342 But without denjdng the plaintiff’s title, or setting up one in himself, parol evidence is sufficient to establish the plaintiff’s right of action.[2]
*The second question is not more difficult to determine. TTn-der the plea of not guilty, a defendant cannot give in evidence L • a license from the plaintiff. Phil. 129. In the case of Bennett v. Allcott, Mr. Justice Buffer says, “ it is now perfectly clear, that a license to enter cannot be given in evidence under the general issue.” 2 D. & E. 168. And if the law is perfectly clear, we are under no obligation to give reasons for it. There are many well established principles of law, for which it would be difficult to give good reasons at this day. But in this case the reason is obvious. It is, that the plaintiff shall not be surprised by a defence of which he had no notice, and of which he could not be apprised by the defendant’s plea. It would be much more difficult,. I think, to give- a reason why liberum tenementum should be given in evidence under the general issue, than why a license should not. That is a practice to which I could never give my assent, unless compelled by the force of authority. That a person should be permitted to give in evidence, in an action on the case for a nuisance, anything which goes to show that the plaintiff had no cause of action, is consistent with the’ *454 general rules of practice. An action on the case is a liberal action, in which a greater.latitude in declaring is allowed to the plaintiff, than is allowed in other cases. ' And a correspondent indulgence must be given to the defendant. He is permitted, therefore, to give anything in evidence which goes to show that the plaintiff has no cause of action.
M’Kibbin, for the motion. A. W. Thompson, contra.
And I am not disposed to withhold from the plaintiff'a new trial, merely because it appears probable that the plaintiff will recover only nominal damages.[1] I think there are but few cases where such a ground ought to prevail in favor of a verdict which is acknowledged to be contrary to law. And in this case the opinion is drawn from the testimony of the defendant, which was improperly admitted, and when the plaintiff, in all probability, was unprepared to rebut it.
Neither do I think the evidence ought to have been admitted in miti-*14,1-1 gation of damages. Such a practice *would go to defeat the -> rule of law which requires it to be specially pleaded, and which, I think, is founded on correct principles, and ought to be supported. Argent v. Durrant, 8 D. & E. 405.
I am of opinion a new trial ought to be granted.
Colcock, Johnson, and Richardson, JJ., concurred.

 Rice, 64.

 3 Strob. 472.

 Ante, 87.