JOHN H. HARRISON *vs.* ALICE DOLAN.

Essex.   November 1, 1898. — January 6, 1899.

Present: FIELD, C. J., HOLMES, LATHROP, BARKER, & HAMMOND, JJ.

*Writ of Entry — Title by Adverse Possession — Effect of Tax Sale —*
*Conveyance of Tax Title to Disseisee.*

The effect of an open adverse possession of land under a claim of right for
twenty years is not affected by a sale and conveyance of the premises for
taxes during that time, followed by a quitclaim of the tax title to the disseisee
before St. 1891, c. 354.

WRIT OF ENTRY, to recover possession of a parcel of land
in Lynn.   Trial in the Superior Court, without a jury, before
*Sheldon,* J., who found for the tenant; and the demandant
alleged exceptions.   The facts appear in the opinion.

*F. S. Hesseltine,* for the demandant.

*H. T. Lummus,* (*J. F. Quinn* with him,) for the tenant.

HOLMES, J.   This is a writ of entry.   The defence is the
statute of limitations.   It was found by the judge who tried the
case that the tenant had been in open adverse possession of
the land in question under a claim of right for over twenty
years, and had gained a title, unless the possession was inter-
rupted by a sale and conveyance of the premises for taxes in
1883, followed by a quitclaim of the tax title to the demandant
in 1884.   The judge ruled that the possession was not inter-
rupted, and ordered a judgment for the tenant.   The foregoing
facts present the only question.   For although the bill of excep-
tions states that it was in evidence that the demandant " on
one or two occasions had come to the tenant and claimed that
she was occupying his lot, but was informed by her that she
was on Lot 12, and that Lot 13, his lot, was next adjacent
to hers," the finding of the court must be taken to mean that
the tenant's possession was not disturbed, and that there was no
fraud, mistake, or disclaimer affecting the rights of the parties,
if indeed any inference of disclaimer, fraud, interruption, or ma-
terial mistake would have been warranted by the evidence, sup-
posing it to have been accepted in the fullest sense.   See also
Pub. Sts. c. 196, § 8.   The tenant manifested her intent to main-

tain possession of the *locus*, even if she did it under a mistaken description. *Præsentia corporis tollit errorem nominis*, identification by the senses overrides description, as in many other cases in the law. *Melvin* v. *Proprietors of Locks & Canals*, 5 Met. 15, 33. *Emery* v. *Seavey*, 148 Mass. 566, 568, 569. Wood, Limitations, (2d ed.) § 263. See *Edmunds* v. *Merchants' Despatch Transportation Co.* 135 Mass. 283, 284; *Finch's case*, 6 Co. Rep. 63, 65 b.

We interpret the finding and ruling as meaning that the tenant in actual fact occupied the premises adversely during the whole twenty years, and that the question saved is whether what otherwise would have been the effect of the adverse possession was prevented by the tax deed. Adverse possession is pure matter of fact, to be interrupted only by interrupting the possessor's exclusion of adverse claimants, an abandonment of his claim, or a change in his intent. Whether the last two would have any effect unless they were manifested, we need not consider. In general also the effect of the adverse possession will not be abridged by a change of title. The adverse possessor *ex hypothesi* is a wrongdoer until the twenty years has elapsed. Commonly at least, if not necessarily, his claim is adverse to all the world, and probably any dealings among the excluded parties, even when a deed by a disseisee is valid, would not affect him. Probably the purchaser would only stand in his seller's shoes. See *Chapin* v. *Freeland*, 142 Mass. 383, 387. At all events, the action of the original disseisee would be barred.

When it is held that the disseisor's possession must be continuous in him and his predecessors in title during the whole time of limitation, and when the statute does not run against the State, it may be held that the statute has not run if the State has had the title during a part of the time relied upon. *Armstrong* v. *Morrill*, 14 Wall. 120, 145. *Braxton* v. *Rich*, 47 Fed. Rep. 178, 188. *Hall* v. *Gittings*, 2 Har. & J. 112. But such decisions have no application to this case, if for no other reason, because the statute runs against the Commonwealth as well as against private persons, (Pub. Sts. c. 196, § 11,) and because, further, the Commonwealth never had even a momentary title to the land.

Again, the intimation in *Abbott* v. *New York & New England*

*Railroad,* 145 Mass. 450,. 460, has no bearing.   That intimation concerned the acquisition of a right of way across a railroad, and was to the effect that a user begun across a three-rod location would be interrupted in its operation by a later taking of five rods.   In such a case, the wrongdoer has no possession.   He merely commits a series of trespasses.   Whether the acquisition and implied assertion of right on the part of the railroad company by a location be or be not sufficient to interrupt the running of prescription, (see *Powell* v. *Bagg,* 8 Gray, 441, and *Brayden* v. *New York, New Haven, & Hartford Railroad, ante,* 225,) the determination cannot help us in dealing with the effect attributed by statute to allowing one's self to remain disseised for twenty years.

As there was not even a momentary possession under the tax deed, it is not necessary to consider whether the words and meaning of the statute would not bar a disseisee at the end of twenty years if he had been continuously kept out by a succession of disseisins, one upon another, beyond remarking that there is no analogy between this case and the attempted acquisition of an easement by prescription, where successive users of a way without right are merely successive trespassers except in those cases where by the doctrine of privity the later wrongdoer can add the time of his predecessor's adverse use to his own.

A more subtle argument than those which we have dealt with may be suggested.   It may be said that, as a tax sale, if valid, gives a good title as against all the world, it is like prescription, and really begins a new title which can be barred only by twenty years of adverse holding after the new title begins. But we are not driven to consider this argument, because if it prevailed it could do the demandant no good.   The tax purchaser was disseised by the tenant's continued adverse possession, and his deed to the demandant before St. 1891, c. 354, conveyed no title as against the tenant.   *Faxon* v. *Wallace,* 98 Mass. 44, 45. *McMahan* v. *Bowe,* 114 Mass. 140.   In *Daveis* v. *Collins,* 43 Fed. Rep. 31, 33, 34, where the jury were instructed that a sale for taxes would break the running of time in favor of the disseisor, it seems to have been assumed that the conveyance of the tax title to the demandant was good.   It is stated that the plaintiff was " clothed with whatever title passed by these tax

deeds." If the conveyance of the tax title to the plaintiff was bad, then, since the very meaning of the statute of limitations is to bar liability for a wrong, and as the disseisin was a wrong to the demandant before the sale for taxes as much as afterwards, if not more so, and was the same wrong, we do not perceive any ground in the tax sale, taken by itself, to prolong the demandant's right of action.

If the conveyance of the tax title to the demandant were good as against the tenant, it might be necessary to consider whether a tax sale is adverse, and, as in the case of a title by disseisin or prescription, creates no privity with former owners, or whether, although it takes all titles, it conveys them in privity like a sale on execution. Pub. Sts. c. 12, § 38. The question is not decided by *Langley* v. *Chapin*, 134 Mass. 82. Even if the former view were taken, it still possibly might be held that no mere change of title except one which puts it where it is above the statute, as apart from statute, when the State itself takes the title, can prevent the gaining of a later title which also is adverse to all the world, and is the result of an adverse holding uninterrupted in fact for twenty years. Upon these points we express no opinion.                    *Exceptions overruled.*