## E. G. Sellers v. R. E. Simpson et al.

### Decided January 9, 1909.

**1.—Tax Suit—Judgment—Parties:**

In a suit for taxes and to foreclose the tax lien against land, the suit was against the "unknown heirs" of G. and the "unknown owners" of the land. The judgment foreclosed the lien against the "unknown heirs" but not against the "unknown owners." It recited that the "defendants" were served; that the attorney appointed to represent them filed answer for the "defendants" and, after giving personal judgment for taxes against the "unknown heirs" of G. alone, it proceeded to foreclose a lien on the land for the taxes in general terms without mention of any particular defendants. In a subsequent portion of the judgment, the "defendants" were given the right to have the property divided and sold in tracts less than the whole survey in accordance with their respective holdings, and it was further decreed that the sale to be made under the judgment should be subject to the right of the "defendants" to redeem the land within two years. Held, that such recitals had the effect to foreclose the tax lien for the amount of taxes found to be due as against the "unknown owners" made parties defendant as well as against the "unknown heirs" of G. But as to parties who were in possession of the land claiming different portions thereof at the time the suit was filed and at the time judgment was rendered and who were not served with citation, the judgment was not binding on them.

**2.—Same—Limitation.**

The fact that some of the defendants in a suit of trespass to try title thought the land claimed by them respectively was public domain, was not inconsistent with their claim that their possession of the land was adverse within the meaning of the statute of ten years limitation. In an action of trespass to try title by a purchaser at a tax sale, evidence considered, and held sufficient to support a plea of limitation under the ten years statute by the defendants.

Appeal from the District Court of Wise County. Tried below before Hon. J. W. Patterson.

*R. E. Carswell* and *Trabue Carswell,* for appellant.—The judgment of December 8, 1899, foreclosing the tax lien, rendered in a suit against the unknown owners of the land in controversy and the unknown heirs of Wm. I. Gearhart, and the consequent sale thereunder, vested the title in the purchaser, notwithstanding the deed

records showed that at one time Wm. I. Gearhart owned the land and the evidence failed to show that he was dead or had parted with the title. Ball v. Carroll, 92 S. W., 1024; Young v. Jackson, 110 S. W., 76; Kenson v. Gage, 79 S. W. 605; Williams v. Young, 90 S. W. 940.

The fact that the appellees were in possession of the tracts of land claimed by them respectively at the time the tax suit was instituted, and were not personally served with process, will not prevent the judgment from concluding them as to such interest in the land as they then had. Earnest v. Glaser, 74 S. W., 606; Crawford v. McDonald, 88 Texas, 631 and 632; Hardy v. Beaty, 84 Texas, 562; Freeman v. McAninch, 87 Texas, 135; Treadway v. Eastburn, 57 Texas, 212 and 213; Brockenborough v. Melton, 55 Texas, 503; Odle v. Frost, Barry & Lee, 59 Texas, 686; Weems v. Masterson, 80 Texas, 52 and 53; Martin v. Robinson, 67 Texas, 374.

Appellees were mere trespassers, conscious of having no title, vaguely suspecting that the land was public domain and intending to buy whenever the true owner appeared. They never filed on the land or attempted to appropriate it as public domain. Schleicher v. Gatlin, 85 Texas, 271; Mhoon v. Cain, 77 Texas, 317; 1 Cyc., 1028, and cases cited, where it is stated that "A mere squatter who has not denied the real owner's title can not acquire title by possession."

*W. H. Bullock, Ford & Patterson, T. J. McMurray & Gettys* and *F. W. Roberts,* for appellees.—As said judgment of December 8, 1899, foreclosing the tax lien, names the particular kind of service had on the defendants, the record, including the pleadings, process and return, may be looked to, to either support or destroy the judgment. Lutcher v. Allen, 95 S. W., 572; Martin v. Burns, 80 Texas, 676; Fowler v. Simpson, 79 Texas, 611; Black on Judgments, sec. 124.

The citation by publication, as shown by the record in said tax suit, wholly fails to state the amount of taxes due on the land as the law requires; and as a strict and substantial compliance in such cases is essential, the judgment is void.

Since the record shows only a defective and insufficient affidavit required by statute as a prerequisite to the issuance of citation by publication, it is presumed that the service by publication was had on the affidavit in the record, and the judgment is therefore void. Stoneman v. Bilby, 96 S. W., 50, and cases cited; Earnest v. Glasser, 74 S. W., 605; Netzorg v. Green, 62 S. W., 789; Babcock v. Wolffrath, 80 S. W., 642.

The said judgment in said tax suit adjudges the taxes against the unknown heirs of Wm. I. Gearhart only, and does not in any way dispose of the unknown owners, and is therefore not a final judgment such as would be conclusive against any of the parties. Masterson v. Williams (Sup.), 11 S. W., 531; Whitaker v. Gee, 61 Texas, 218; Linn v. Arambould, 55 Texas, 625; Holley v. Duke, 96 S. W., 1090; 2 Black on Judgments, sec. 509.

If the said tax judgment can be sustained at all as a final judgment, it could only be against the unknown heirs of Wm. I. Gearhart, and would have to be done by indulging the presumption that the unknown owners were disposed of by dismissal as to them before the

rendition of the judgment against the unknown heirs of Wm. I. Gearhart. Dunn v. Taylor, 94 S. W., 347; Wilson v. Smith, 43 S. W., 1090; Alston v. Emmerson, 83 Texas, 238.

Having shown that she was in actual possession and necessarily a known owner at the time of the institution of suit, and there being no law authorizing suit to be prosecuted against her as an unknown owner, it will be held that she was not a party to the suit or judgment rendered therein. Crosby v. Terry, 91 S. W., 652; Pearson v. Branch, 87 S. W., 222; Hollywood v. Wellhausen, 68 S. W., 329; Bingham v. Matthews, 86 S. W., 781.

Appellee having settled on the land in good faith, believing that it was public land, with the intention of paying the State its standing and fixed price therefor; and having continuously occupied, used, cultivated and enjoyed the same for a period of more than ten years, claiming the same as her own as against everybody, has title by adverse possession. Price v. Eardley, 77 S. W., 416; Longley v. Warren, 33 S. W., 304; Cartwright v. Pipes, 29 S. W., 690; Converse v. Ringer, 24 S. W., 705.

If the said tax judgment and sale were sufficient to pass the title of the true owner to appellant, the period of adverse possession against said true owner and the period which has run against appellant since his acquisition of said former owner's title, may be properly tacked together so as to place the title in appellee at the expiration of ten years from the time of her entry into possession. Jordan v. Higgins, 63 Texas, 150.

DUNKLIN, ASSOCIATE JUSTICE.—This is a suit in trespass to try title to recover six hundred and forty acres of land in Wise County, being the A. C. H. & B. survey, abstract No. 23, certificate No. 19. The defendants in the suit were R. E. Simpson, Mrs. P. A. Terrell, Mrs. T. J. Cartwright, J. E. Mosier and J. W. McNeeley, but as to the last named defendant plaintiff took a nonsuit. The other defendants respectively claimed title to certain portions of the survey and filed disclaimers as to the rest. Except as to the portions of the survey embraced in their respective disclaimers they answered by pleas of general denial, not guilty and ten years limitation. From a judgment in favor of the defendants for the respective tracts claimed by each, plaintiff has appealed.

Plaintiff showed a regular chain of title to the land described in his petition from the State of Texas to William Gearhart, the deed to Gearhart being dated October 27, 1893. He also introduced in evidence a judgment rendered in the District Court of Wise County foreclosing a lien for taxes in favor of the State on the survey of land in controversy. He also introduced a sheriff's deed to the land in favor of plaintiff showing sale of the land to plaintiff under and by virtue of an order of sale issued on the judgment. The trial was by the court without a jury and the following findings and conclusions of the court were filed:

"1st. I find there is on record in Wise County, Texas, a regular chain of transfers from the State of Texas to Wm. I. Gearhart, and that at the time the suit was brought for the taxes and at the time

the judgment for the taxes (offered in evidence in this cause) was rendered, and at the time this suit was brought, this chain of transfers was on record in Wise County, Texas, and there was nothing offered in this cause tending to show that said Gearhart was dead or that he had ever disposed of said land.

"2d. I find that on the 22d day of October, 1898, that the State of Texas filed suit for recovery of taxes due upon the land herein sued for, against the unknown heirs of Wm. I. Gearhart and against the unknown owners of said land; that citation was by publication and was against the unknown heirs of Gearhart and the unknown owners of said land. That on the 8th of December, 1899, judgment was rendered against the unknown heirs of Wm. I. Gearhart for the taxes and costs due on said land, amounting to $26.25 and costs of suit with foreclosure of lien; that no order was made disposing of the alleged unknown owners of said land.

"3d. That thereafter an order of sale was issued on said judgment and the land sold and bought by the plaintiff, to whom the sheriff made a deed.

"4th. That at the time of the filing of said tax suit and the rendition of said judgment for taxes all the defendants who plead the statutes of limitations were in the actual visible possession of the parts of said land claimed by them in their several answers and that none of them were made parties to said suit.

"5th. I find that each and all the defendants who plead the statutes of limitations herein and those whose estate they have, had been in the peaceable, open, adverse and continuous possession of the parts of the land claimed by them respectively for more than ten years next before the commencement of this suit and each is entitled to hold the same under the ten years statute of limitations.

"As Wm. I. Gearhart appeared from the evidence offered by the plaintiff to be the owner of the land at the time the tax suit and judgment under which the plaintiff claims title were filed and rendered, a judgment against his heirs for the taxes against the land would not bind the said Wm. I. Gearhart, and a sale under said judgment would not carry the title to the land, and for this reason plaintiff can not recover.

"2d. As the defendants were in the actual and visible possession of the land at the time of the filing of said tax suit, claiming title to the land, they should have been made parties, and as they were not so made parties the judgment has no force and effect as to them and that therefore plaintiff showed no title as against their interest and that therefore plaintiff can not recover.

"3d. As the defendants had had and held peaceable, adverse and continuous possession of the lands claimed by them respectively, for more than ten years next before the filing of this suit, claiming title thereto, they acquired title to same, and for this reason the plaintiff can not recover."

As shown by the findings, the court held that the judgment failed to dispose of the alleged unknown owners of the land. In this ruling we think there was error. While the judgment does not in specific terms foreclose the lien against the unknown owners, it does recite

that the "defendants" were served, that the attorney appointed to represent them filed answer for the "defendants," and that the court heard the pleadings and evidence and, after giving personal judgment for the taxes against the unknown heirs of Wm. I. Gearhart, it proceeds to adjudicate and foreclose a lien on the land for the taxes in general terms without any mention of any defendants, but in subsequent portions of the judgment the "defendants" are given the right to have the property divided and sold in tracts less than the whole survey, and further decreeing that the sale to be made under the judgment should be subject to the right of the "defendants" to redeem the land within two years. These recitals, we think, had the effect to foreclose the tax lien for the amount of taxes found to be due as against all the unknown owners made parties defendant in that suit. (Ball v. Carroll, 42 Texas Civ. App., 323.) The record shows that the defendants were in possession of the respective tracts of land claimed by them at the time the tax suit was filed and at the time the judgment above mentioned was rendered, but as they were never served with citation the judgment was not binding upon them. (Crosby v. Terry, 41 Texas Civ. App., 595; Peareson v. Branch, 87 S. W., 222; Bingham v. Matthews, 39 Texas Civ. App., 41.)

Appellant's seventh assignment of error and proposition thereunder are as follows: "The court erred in sustaining the plea of ten years limitation set up by defendants Terrell, Simpson, Mosier and Cartwright. First proposition under said assignment. The statute of limitations can not avail appellees; first, because the evidence does not show that their possession was adverse; secondly, because if the tax judgment prevails against them, the statute begins to run only after the sheriff's sale to appellant on March 8, 1900."

Defendant Mrs. M. E. Cartwright, after testifying that her husband, now deceased, cleared, fenced and broke the one hundred and twenty acres claimed by her, further testified as follows: "Mr. Cartwright claimed the land against everybody, and I have claimed it since his death. . . . He did not have any deed from anybody. He thought it was public land, vacant land at the time he moved there. . . . He thought it was public land and intended to file on it." Defendant J. E. Mosier introduced in evidence a deed to the land claimed by him from C. Block to L. W. Price dated April 8, 1901, and a deed to the same land from L. W. Price to J. E. Mosier. He testified in part as follows: "Mr. Price had possession of the land prior to the time I bought it. Mr. Block had possession of it prior to the time Price owned it. He had possession of the land twenty-two years and has had the land fenced twenty-two years; he was in possession of the land about twenty-three years. . . . He lived on this land twenty-two years. There was a house on it; he was living in the house a while. I do not know how long he lived in the house. He lived in the house about eighteen years. Block cultivated all of it; he used it and cultivated it about twenty-two years. . . . Price lived there about two years. I bought it from Price. He was living there when I bought it. I moved on the land as soon as I bought it and have been living on it ever since." Defendant

R. E. Simpson testified that he bought the one hundred and sixty acres claimed by him from Mrs. Lizenby and that Mrs. Lizenby and her husband, who is now dead, lived on the land twenty years; that the land was fenced and had a house on it in which Mrs. Lizenby and her husband lived. He further testified that defendant Mrs. P. A. Terrell had a house on the one hundred and sixty acres claimed by her; that she had improved and cultivated a part of it, and that she had lived on the land continuously for twelve years, claiming the land as her own. He further testified as follows: "She thought it was public land and expected to buy from the State. She has expected ever since she bought it to buy it from the State or from somebody else if she found the proper owner; she was expecting that; that was her idea about it; that was my idea about it. I thought if I found anyone that had proper title or had a better title than I did, I expected to buy it from him."

The fact that some of the appellees thought the land claimed by them respectively was public domain is not inconsistent with the claims that their possession of the land was adverse within the meaning of the statute of ten years limitation, and we approve the finding of the court sustaining the pleas of limitation of each and all the defendants. (Price v. Eardley, 34 Texas Civ. App., 60; Longley v. Warren, 11 Texas Civ. App., 269; Cartwright v. Pipes, 9 Texas Civ. App., 309; Converse v. Ringer, 6 Texas Civ. App., 51; Jordan v. Higgins, 63 Texas, 150.) The case last cited supports appellees' contention that limitation in their favor was not interrupted by the foreclosure proceedings for taxes and plaintiff's purchase thereunder. The judgment of the trial court is affirmed.

*Affirmed.*

Writ of error refused.