## 10988

### WATSON v. MOTLEY *ET AL.*

(114 S. E., 412)

1. JUDGMENT—WHERE DEFENDANT CLAIMS BY ADVERSE POSSESSION RIGHTS NOT DETERMINABLE BY ESTABLISHMENT OF ORIGINAL CORRECT BOUNDARY BASED ON SURVEYOR'S REPORT.—A judgment for plaintiff relative to a boundary dispute, based upon a surveyor's report, is erroneous where defendants have set up adverse possession, since establishment of the original boundary could not determine question of adverse possession.

2. TRESPASS—TITLE TO LAND ESSENTIAL TO SUPPORT RECOVERY.—One who has parted with his title to land by making an assignment for the benefit of creditors and a conveyance of his interest to the assignee cannot recover for trespass against parties in possession, who may retain possession until it is demanded by the true owner.

Before BOWMAN, J., Kershaw. December, 1921. Reversed.

Action by T. W. Watson against Mary Motley *et al.* Judgment for plaintiff and defendants appeal.

*Mr. Barnard B. Evans,* for appellants, cites: *Issue of fact made jury issue:* 23 S. C., 370. *Trial of title is*

*jury issue:* 12 S. C., 97; 28 S. C., 370; 36 S. C., 559; 16 S. C., 333; 33 S. C., 389; 41 S. C., 195; 60 S. C., 559; 42 S. C., 92; 42 S. C., 138; 70 S. C., 282; 69 S. C., 141; 69 S. C., 196; 70 S. C., 218; 78 S. C., 191. *Difference between arbitration and report of surveyor:* 62 S. C., 105. *Res adjudicata:* 99 S. C., 20;

Messrs. DePass & DePass, for respondent, cite: *Arbitrations will be upheld:* 3 Cyc., 595; 5 Cyc., 944; 3 Cyc., 678; note 42; 17 S. C., 593; 62 S. C., 105; 78 S. C., 200; 78 S. C., 312. *Consent decree binding in absence of disability:* 16 Cyc., 473; note 25.

August 17, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff brought this action against W. J. Motley for trespass upon his land. The plaintiff alleged that he was the owner and in possession of a tract of land, but that the defendant had entered upon his land, destroyed his crops, cut down his trees, and put a tenant in possession of a house on his land. It was a boundary dispute. The defendant claimed title, possession, and also set up that the plaintiff had made an assignment for the benefit of his creditors, and conveyed his interest, if any, to the assignee.

The defendant died, pending the litigation, and his heirs at law were substituted as defendants. There were orders of survey. The surveyors made their report. That report showed the land in dispute to be on the plaintiff's side. The plaintiff moved for judgment on the report of the surveyors. This motion was granted and the defendants appealed. The appeal must be sustained.

The defendants set up title in themselves by adverse possession. They denied the plaintiff's title to the whole tract of land described in the complaint. Even granting that Hogan's line (conceded to be the

original line) is correctly located by the surveyors, and that the land in dispute was originally a part of plaintiff's land, it did not and could not determine the question of adverse possession. It is also elemental law that, if the plaintiff has parted with his title to the land, he cannot recover possession on his title, because, if the defendants are in possession, they can stay in possession until its possession is demanded by the true owner.

The judgment is reversed.