0231

Demetrios J. STRATOS, Appellant, v. Dewitt J. KING, Jr.,
and R. H. Godbee, Respondents.

(319 S. E. (2d) 356)

Court of Appeals

*Demetrios J. Stratos,* Charleston, *pro se.*

*Chris B. Staubes,* Charleston, *for respondents.*

Heard Feb. 23, 1984.

Decided Aug. 17, 1984.

BELL, Justice:

This is an action in trespass for injunctive relief and damages. The plaintiff, Demetrios Stratos, alleged that he has been in possession of 25.7 acres on Wadmalaw Island since January 25, 1974. He further alleged that the defendants King and Godbee entered the property in February 1980 and cut timber on it. King answered admitting the entry and cutting of timber and raising the defense of paramount title. He also counterclaimed alleging he is the lawful owner of the property and praying the court to (1) quiet his title, (2) order the sheriff to eject Stratos, and (3) award him damages against Stratos for trespass and wrongful interference with King's agent, Godbee. Godbee answered separately, admitting the entry and cutting of timber, but alleging these acts were lawful. The circuit court held that Stratos had no standing to maintain his action and granted summary judgment to King and Godbee. The court also entered summary judgment on the counterclaim, ordering the sheriff to put King in possession and enjoining Stratos from interfering with King's peaceful possession of the property.[1] Stratos appeals. We reverse and remand.

---

[1] Prior to entry of judgment, King requested permission to withdraw his claims for quieting title and damages without prejudice to his right to pursue them in a separate action. It is unclear whether the circuit court granted leave to withdraw these claims. In any event, the court did not enter judgment on these issues. On appeal King does not rely on proof of title to defeat the claims of Stratos.

This appeal presents a single issue for decision: does a federal tax levy on real property constitute a break in the continuity of adverse possession so as to defeat the right of the adverse possessor to maintain an action for trespass? On the facts of this case we hold that the tax levy did not break the continuity of adverse possession.

Where appeal is taken from an order granting summary judgment, this Court must view the facts in the light most favorable to the party opposing the motion. *Thevenot v. Commercial Travelers Mutual Accident Association of America*, 259 S. C. 235, 191 S. E. (2d) 251 (1972). Viewed in the light most favorable to Stratos, the record discloses the following material facts.

Prior to January 1973, Dr. Vince Moseley owned the disputed property. On January 2, 1973, Dr. Moseley conveyed the property to one M. G. Miller. As part of the transaction Miller gave Dr. Moseley a purchase money mortgage. Miller abandoned the property late in 1973. The mortgage went into a default in January 1974.

On January 25, 1974, Dr. Moseley assigned his mortgage for value to Delores M. Stratos, the wife of the appellant. On that same day, Stratos physically entered the property with the intent to commence a course of adverse possession. Since January 25, 1974, Stratos has kept the property fenced with a lock on the gate, has made minor improvements to the property, has paid taxes on it, and has done other acts consistent with an intent to exercise exclusive possession and control over the property. From time to time Stratos or his agent has stayed in a house trailer on the property.

On June 13, 1975, a notice of federal tax lien was filed in Charleston County against one Donald E. Miles. The Internal Revenue Service claimed that Miles was the same person as M. G. Miller, a contention vigorously disputed by Stratos.[2]

In order to prevent a threatened levy on the property by federal officials, Stratos commenced an action in the United States District Court pursuant to 26 U.S.C. § 7426(a)(1). Stratos alleged that Donald Miles had no interest

---

[2] The evidence relating to the identities of Miller and Miles was in sharp conflict in the circuit court. Neither the federal court nor the circuit court adjudicated Stratos's claim that Miles and Miller are different persons and that Miles had no interest in the disputed property.

in the property and that the levy was consequently unlawful. On the authority of *Ellen v. Ellen*, 16 S. C. 132 (1881), the federal court held that the levy could not be wrongful as to Stratos, because he had no interest in the property as an adverse possessor in possession for less than ten years.[3] The court dismissed Stratos's complaint. That decision was affirmed without opinion on appeal. The Supreme Court of the United States denied Stratos's petition for writ of certiorari.

On September 15, 1976, the district director of Internal Revenue levied on the property to satisfy the federal tax lien. In May 1979 the property was sold at public auction for taxes pursuant to 26 U.S.C. § 6335. King was the successful bidder at the tax sale. The property was not redeemed within the time provided by statute and on October 16, 1979, the district director of Internal Revenue executed a deed of the property to King.

From the date of the federal levy until the present Stratos has continued to occupy and exercise control over the property. The federal authorities made no attempt physically to remove him from the property between 1976 and 1979.[4] Stratos commenced this action after King and his agent Godbee came on the property to cut timber in February 1980.

At common law one in peaceable possession of real property may continue in possession until ousted by the true owner. *Watson v. Motley*, 121 S. C. 482, 114 S. E. 412 (1922); *M'Colman v. Wilkes*, 34 S.C.L. (3 Strob.) 465 (1849); *see also Geiger v. Kaigler*, 15 S. C. 262 (1880). Accordingly, a person in peaceable possession may maintain an action for trespass against anyone, except the true owner, who interferes with his quiet and exclusive enjoyment of the property. *Lane v. Mims*, 221 S. C. 236, 70 S. E. (2d) 244 (1952); *Beaufort*

---

[3] In our view, the federal court's reliance on *Ellen v. Ellen* was misplaced. Although a person in the course of adverse possession has no title until the period of adverse possession has run, he does have a possession which may ripen into title. "This is an interest not of such immaterial consequence as to be unnoticed by the law." *Williams v. McAliley*, 25 S.C.L. (Cheves) 200, 204 (1840). It is also an interest to which our courts have traditionally afforded legal protection. *See M'Colman v. Wilkes*, 34 S.C.L. (3 Strob.) 465 (1849); *Watts v. Blalock*, 17 S. C. 157 (1881).

[4] Federal agents did place a lock on the main gate about two weeks before the tax sale. When Stratos discovered this, he used another gate to enter the property. He testified that he continued to enter and occupy the property without interference from the IRS during the period of the federal levy.

*Land and Investment Co. v. New River Lumber Co.,* 86 S. Ct. 358, 68 S. E. 637 (1910); *Connor v. Johnson,* 59 S. C. 115, 37 S. E. 240 (1900). The plaintiff need only show a prior peaceable possession as against the defendant in order to sue for trespass. *Beaufort Land and Investment Co. v. New River Lumber Co., supra; Gambling v. Prince,* 11 S.C.L. (2 Nott & McC.) 138 (1819).

King acknowledges this to be the law. He maintains, however, that Stratos cannot show a prior peaceable possession as against him. King asserts that he is in possession under color of title derived from his federal tax deed. He claims that his possession is prior to the possession of Stratos, because the federal tax levy in 1976 broke Stratos's possession. Thus, King argues, any occupation by Stratos since that time was not as one in peaceable possession, but as a disseisor.

We are not persuaded. From January 1974 Stratos was on the property as an adverse possessor. When one is in the course of adverse possession, the foreclosure of a tax lien and a sale of the premises pursuant thereto during the period of his occupancy does not constitute an interruption of his possession. *Thomas v. Young,* 196 Va. 1166, 87 S. E. (2d) 127 (1955); *Rupley v. Fraser,* 132 Minn. 311, 156 N. W. 350 (1916); *Sellers v. Simpson,* 53 Tex. Civ. App. 205, 115 S. W. 888 (1909); *Harrison v. Dolan,* 172 Mass. 395, 52 N. E. 513 (1899); *Illinois Railway Museum, Inc. v. Siegel,* 132 Ill. App. (2d) 77, 266 N. E. (2d) 724 (1971). This is especially true in the case of a federal tax lien, since the statute authorizing such a lien creates no property rights, but merely attaches consequences, federally defined, to rights under state law. *City of New York v. United States,* 283 F. (2d) 829 (2d Cir. 1960); *United States v. Winnett,* 165 F. (2d) 149 (9th Cir. 1947); *Karno-Smith Co. v. Maloney,* 112 F. (2d) 690 (3d Cir. 1940).

King's entry came after Stratos was already on the land. But King cannot defeat Stratos's action for trespass on the strength of a later entry under the tax deed; he must show title. The tax deed operated as nothing more than a conveyance of any right, title, and interest which Donald Miles had in the property at the time the federal tax lien attached. 26 U.S.C. § 6339(b)(2). The United States could acquire no better rights by its tax lien than Miles himself had. *General Motors Acceptance Corp. v. Wall,* 239 F. Supp. 433 (W.D.N.C. 1965). In the present posture of the case, Stratos is

entitled to the assumption that Miles had neither title to nor possession of the land.

, Since Stratos showed a prior possession as against King, he has standing to maintain an action for trespass. The circuit court accordingly erred when it granted summary judgment against him on the complaint and King's counterclaim.

We emphasize that King did not base his motion for summary judgment on a claim of title. His case was premised entirely on the assertion that the tax levy interrupted Stratos's possession. Since summary judgment was erroneously granted, we reverse and remand for a trial on the merits of the respective parties' claims. On remand King will, of course, be free to prove his title as a defense to Stratos's action and as a basis for the relief sought in his counterclaim.

Reversed and remanded.

SANDERS, C. J., and SHAW, J., concur.