613 S.E.2d 536

**John DOE, Appellant,**

v.

**Richard H. CROOKS, M.D., Respondent.**

No. 25987.

Supreme Court of South Carolina.

Heard April 5, 2005.

Decided May 23, 2005.

350

Gregg E. Meyers, of Charleston, and J. David Flowers, of Greenville, for Appellant.

Dewey Oxner and Moffatt McDonald, both of Haynsworth Sinkler, Boyd, of Greenville, for Respondent.

J. Graham Sturgis, Jr., of Charleston, for Amicus Curiae, Darkness to Light.

Justice PLEICONES.

In this sexual-abuse action, the circuit court granted summary judgment for Respondent Richard H. Crooks, M.D. (Crooks), holding that the action of Appellant John Doe (Doe) was barred under the statute of limitations. We certified the case pursuant to Rule 204(b), SCACR. We affirm.

## FACTS

This action was commenced in 2002, when Doe was thirty-four years old. He asserts that in 1983, when he was fourteen or fifteen years old, Crooks molested him.

Doe acknowledges that he was aware of the alleged abuse while it was occurring; that he knew at the time that it was wrong; that he immediately began to feel shame; and that he has "dealt with this shame since the first time [the abuse] occurred." Doe claims, however, that he did not realize the full extent of his injuries until 2001, when he was thirty-three years old. Only then, he claims, did he understand that the molestation caused him to be obsessive about cleanliness, over-protective of his children, and distrustful of others.

The circuit court held that under the statute of limitations, the time for Doe to commence his action had expired. The court therefore granted summary judgment for Crooks.

## ISSUE

Whether the circuit court erred in holding that Doe's action was barred under the statute of limitations.

## ANALYSIS

South Carolina Code section 15–3–555,[1] the current statute of limitations for sexual-abuse actions, was adopted in 2001. *See* 2001 Act No. 102 (effective August 31, 2001). Prior to 2001, the limitations period was provided by sections 15–3–530(5)[2] and 15–3–535.[3]

 Ordinarily, a new statute of limitations applies retroactively.[4] However, it cannot operate to revive an action for

---

1. S.C.Code Ann. § 15–3–555 (Supp.2003).

2. S.C.Code Ann. § 15–3–530(5) (1976 and Supp.2003) (regarding actions arising from injury to the person, among other things).

3. S.C.Code Ann. § 15–3–535 (1976 and Supp.2003) (providing the discovery rule for "actions initiated under Section 15–3–530(5)").

4. Statutes of limitations generally apply retroactively because they are remedial in nature. The General Assembly may, of course, express its intent that a new statute of limitations applies only prospectively.

which the limitations period has already expired. Such a result would violate the defendant's rights under the Due Process Clause of the South Carolina Constitution.[5] *Goff v. Mills,* 279 S.C. 382, 386, 308 S.E.2d 778, 780 (1983); *U.S. Rubber Co. v. McManus,* 211 S.C. 342, 349, 45 S.E.2d 335, 338 (1947); *Stoddard v. Owings,* 42 S.C. 88, 92, 20 S.E. 25, 26 (1894).

■ The circuit court held that when section 15–3–555 became the statute of limitations governing sexual-abuse cases, Doe's cause of action had already lapsed under sections 15–3–530(5) and 15–3–535. We agree. Consequently, whether the action is barred under section 15–3–555 is irrelevant.

■ Under the discovery rule, the limitations period commences when the plaintiff "kn[o]w[s] or by the exercise of reasonable diligence should [know] that he ha[s] a cause of action." § 15–3–535. That the injured party may not at that time "comprehend the full extent of the damage is immaterial." *Dean v. Ruscon Corp.,* 321 S.C. 360, 364, 468 S.E.2d 645, 647 (1996).

■ As stated above, Doe acknowledges that he was aware of the alleged abuse when it occurred, when he was a fifteen-year-old minor; that he knew at the time that it was wrong; that he immediately felt shame; and that he has "dealt with this shame" ever since. Thus, discovery occurred in 1983, when Doe was fifteen years old. *See Doe v. R.D.,* 308 S.C. 139, 417 S.E.2d 541 (1992) (holding that a plaintiff who was aware of sexual abuse when it was occurring should have known at that time that he had a cause of action).

Under section 15–3–40(1),[6] the limitations period was tolled until Doe reached the age of majority, eighteen. Under section 15–3–535, Doe then had six years to file his action.[7] In

---

*Jenkins v. Meares,* 302 S.C. 142, 146, 394 S.E.2d 317, 319 (1990); *Goff v. Mills,* 279 S.C. 382, 386, 308 S.E.2d 778, 780 (1983). No such intent is expressed in section 15–3–555.

5. S.C. Const. art. I, § 5.

6. S.C.Code Ann. § 15–3–40(1) (Supp.2003).

7. For actions accruing prior to April 5, 1988, the limitations period is six years in duration. The three-year limitations period now found in

other words, Doe needed to file by the time he turned twenty-four. Because he failed to do so, his cause of action lapsed in 1992, nine years before section 15–3–555 was adopted. We therefore need not address whether the action would be barred under section 15–3–555. The action is barred.

## CONCLUSION

The statute of limitations prevents Doe from pursuing his action. The circuit court's grant of summary judgment for Crooks is

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER, and BURNETT, JJ., concur.

the Code applies to actions accruing on or after April 5, 1988. 1988 Act No. 432.