THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
John Doe 3, Appellant,
v.
William D. DuCharme, Respondent.
 
 
 

Appeal From Charleston County
 R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-133
Submitted March 1, 2006  Filed March 9, 2006

AFFIRMED

 
 
 
Gregg E. Meyers, of Charleston, for Appellant.
David B. Betts and Jonathan Matthew Harvey, of Columbia, for Respondent.
 
 
 

PER CURIAM:  The trial court granted DuCharmes motion for summary judgment and dismissed Does action for childhood sexual abuse with prejudice.  On appeal, Doe argues the trial court erred in deciding his action was barred by the statute of limitations.  We affirm.[1]  
FACTS
Doe alleged DuCharme sexually abused him in 1986 and 1987 when he was twelve and thirteen years of age, respectively.  Doe admitted he did not repress the memory of the abuse, but he claimed that a causal connection between the alleged abuse and his alleged injury was not diagnosed until 2003.   
DuCharme denied these allegations and moved for summary judgment claiming the statute of limitations for the cause of action had run.  On July 9, 2004, the trial court held a hearing to decide DuCharmes summary judgment motion.  The trial court granted DuCharmes summary judgment motion holding that Does cause of action arose in 1987 when he was thirteen years-old, and this cause of action became time barred when he reached his nineteenth birthday.  Does cause of action was dismissed with prejudice.  This appeal followed.    
STANDARD OF REVIEW
In reviewing a motion for summary judgment, the appellate court applies
the same standard of review as the trial court under Rule 56, SCRCP.  Cowburn v. Leventis, 366 S.C. 20, 30, 619 S.E.2d 437, 443 (Ct. App. 2005) (citing Trousdell v. Cannon, 351 S.C. 636, 572 S.E.2d 264 (2002)).  The judgment may be affirmed only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, SCRCP.    The reviewing court must consider the facts and inferences in the light most favorable to the nonmoving party.  Estate of Cantrell by Cantrell v. Green, 302 S.C. 557, 559, 397 S.E.2d 777, 779 (Ct. App. 1990) (citing Stratos v. King, 282 S.C. 501, 319 S.E.2d 356 (Ct. App. 1984)). 
LAW/ANALYSIS
Doe contends the trial court erred in finding his cause of action to be time barred under the statute of limitations.  We disagree.
Doe brought suit alleging intentional infliction of emotional distress and battery under section 15-3-555 of the South Carolina Code (Supp. 2005).  This statute went into effect on August 31, 2001, and  provides a sexual abuse victim with three years from the date of discovery of the causal relationship between the injury and the sexual abuse to file a cause of action.  
However, DuCharme moved for summary judgment based on sections 15-3-530(5) and 15-3-40 of the South Carolina Code (1976).  These sections of law represented the statutes of limitation governing sexual abuse causes of action prior to August 31, 2001.  Section 15-3-530(5) (1976) allowed a sexual abuse victim to file within six years from the date the victim knew or should have known that he had a cause of action.[2]  Section 15-3-40 raised exceptions to the six year statute of limitations requirement.[3]  More specifically, section 15-3-40 (Supp. 2005)  states:

If a person entitled to bring an action mentioned in Article 5 of this chapter or an action under Chapter 78 of this title, except for a penalty or forfeiture or against a sheriff or other officer for an escape, is at the time the cause of action accrued either:
(1) within the age of eighteen years; or
(2) insane;

 the time of the disability is not a part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended:
(a) more than five years by any such disability, except infancy; nor
(b) in any case longer than one year after the disability ceases.

DuCharme argued that while the statute of limitations was tolled during Does minority, his causes of action needed to be commenced within one year of his eighteenth birthday (not later than some time in 1993).  DuCharme further contended because the applicable statutes of limitation already had run sometime in 1993 prior to the August 31, 2001 effective date of the more liberal statute of limitations, Does cause of action was time barred.  
The trial court agreed with DuCharmes argument and concluded:

While it is certainly the authority of the legislature to establish appropriate statutes of limitations for various causes of action, it is without authority to revive a cause of action which has already become time barred at the time such new statute of limitation is enacted.

The trial court went on to state for the purposes of this matter, whether the applicable statute is deemed one of repose or limitation makes no difference.  
During the pendency of this appeal, the South Carolina Supreme Court decided a case which had facts virtually identical to this matter.  In  Doe v. Crooks, 364 S.C. 349, 613 S.E.2d 536 (2005), a thirty-four year old man was allegedly sexually abused in 1983 as a fourteen or fifteen year old child, and he admitted that his recollection of these events was not repressed.  He asserted that he did not realize the full extent of his injuries until 2001.
The supreme court analyzed the issue in the following manner:

Discovery occurred in 1983, when Doe was fifteen years old.  Under section 15-3-40(1), the limitations period was tolled until Doe reached the age of majority, eighteen. Under section 15-3-535, Doe then had six years to file his action. 
In other words, Doe needed to file by the time he turned twenty-four. Because he failed to do so, his cause of action lapsed in 1992, nine years before section 15-3-555
was adopted. 

Crooks, 364 S.C. at 352-53, 613 S.E.2d at 538.
The supreme court found similarly to the trial court in holding:  

Ordinarily, a new statute of limitations applies retroactively.  However, it cannot operate to revive an action for which the limitations period has already expired. Such a result would violate the defendants rights under the Due Process Clause of the South Carolina Constitution.       

Crooks, 364 S.C. at 351-52, 613 S.E.2d at 538.
Under the supreme courts analysis in Crooks, Doe would have had to file his cause of action by sometime in 1998 in order to comply with the then existing statute of limitation.  Doe did not file this action until 2003.  Therefore, under both the analysis of the trial court and the supreme courts analysis in Crooks, Does action is time barred.  
We find the supreme courts decision in Crooks to be controlling and dispositive of this matter.  Therefore, in accordance with this binding precedent, we find no error in the trial courts granting of summary judgment. 
CONCLUSION
Based on the foregoing, the trial courts order is
 AFFIRMED.
 HEARN, C.J., ANDERSON, and KITTREDGE, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]   For actions accruing prior to April 5, 1988, the limitations period is six years in duration. The three-year limitations period now found in the Code applies to actions accruing on or after April 5, 1988.  Doe v. Crooks, 364 S.C. 349, 353 n.7, 613 S.E.2d 536, 538 n.7 (2005) (citing 1988 Act No. 432).  This action accrued in 1986; however, inserting the proper six year statute of limitation over the improper three year statute of limitation (as put forth by DuCharme) is inconsequential because the trial court set the date of expiration for the cause of action as one year from the victims eighteenth birthday.  Under either statute of limitation, the cause of action expires in 1993 under the trial courts analysis.  
[3] There may be exceptions to these statutes of limitation for repressed memories of sexual abuse, but Doe admits that he did not repress his memory of the abuse.  That the injured party may not at that time comprehend the full extent of the damage is immaterial.  Doe v. Crooks, 364 S.C. 349, 352, 613 S.E.2d 536, 538 (2005).